**United States District Court**
For the Northern District of California

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN L GILBERT, et al., | No. C 13-01171 JSW |
| Plaintiffs, | **ORDER ON MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND ORDER OF REFERRAL** |
| v. | |
| BANK OF AMERICA, et al., | |
| Defendants. | **(Docket Nos. 50, 72, 104)** |

This matter comes before the Court on the motions to dismiss filed by: (1) Aaron Shoaf ("Shoaf") and Effective Marketing Solutions, LLC ("Effective") (Docket No. 50); (2) David A. Johnson ("Johnson"), Sarah Reardon ("Reardon"), Cane Bay Partners VI, LLLP, Cane Bay Partners, LLC[1], M. Mark High, ISG International, and Interactive Services Group ("ISG") (collectively the "Cane Bay Defendants") (Docket No. 72); and (3) Rare Moon Media, LLC ("Rare Moon"), Jeremy Shaffer ("Shaffer"), Brad Levene ("Levene"), Lindsey Coker ("Coker"), and Josh Mitchem ("Mitchem") (collectively the "Rare Moon Defendants").[2] The Court shall refer to all of these Defendants collectively as the "Moving Defendants."

On September 5, 2014, after the Court deemed the motions submitted, Plaintiffs filed a "Notice of Recent Developments." This notice includes an article, to which Plaintiffs' counsel

---

[1] According to the defendants, there is no such entity. Rather, defendants contend that an entity named Cane Bay Partners VI, LLC existed, but was dissolved in July 2010, when it converted to Cane Bay Partners VI, LLLP. In light of the Court's ruling on jurisdictional discovery, the Court expects the parties to cooperate about which entity, if any, should be named as a defendat.

[2] Bank of America, N.A. also filed a motion to dismiss, which the Court shall address in a separate order.

contributed, which suggests the Cane Bay Defendants are, in fact, some of the Unlicensed Lenders from whom Plaintiffs received payday loans.  (Docket No. 129.)  The Court shall consider this article solely for the purpose of determining whether it should permit Plaintiffs to obtain jurisdictional discovery from the Cane Bay Defendants.

The Court considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY RULES AS FOLLOWS:

The Court grants Shoaf and Effective's motion to dismiss for lack of personal jurisdiction, and it denies Plaintiffs' request for jurisdictional discovery as to those defendants.

The Court denies the Rare Moon Defendants' motion to dismiss for lack of standing.  The Court denies, without prejudice, the Rare Moon Defendants' motion to dismiss for failure to state a claim and to compel arbitration.  The Court grants, in part, and reserves in part, the Rare Moon Defendants' motion to dismiss for lack of personal jurisdiction.  The Court grants Plaintiffs' request for jurisdictional discovery, on the terms set forth in this Order.

The Court grants, in part, and reserves in part, the Cane Bay Defendants' motion to dismiss for lack of personal jurisdiction.  The Court grants Plaintiffs' request for jurisdictional discovery, on the terms set forth in this Order.

**BACKGROUND**

Plaintiffs Sean Gilbert, Keeya Malone, Kimberly Bilbrew and Charmaine B. Aquino (collectively "Plaintiffs") obtained "payday loans," which they contend were illegal because: (1) the lenders charged fees greater than that permitted by California's Deferred Deposit Transaction Law (the "DDTL"); and (2) the lenders were not licensed under the DDTL to make such loans.  (First Amended Complaint ("FAC") ¶¶ 46, 48-49, 53-59.)  The Court shall refer to these entities as the "Unlicensed Lenders."

Plaintiffs have not sued the Unlicensed Lenders.  Rather, and in brief, they allege that the Moving Defendants assisted the Unlicensed Lenders in various ways in the origination of the payday loans.  Plaintiffs also allege that none of the Moving Defendants were licensed under the DDTL.  Plaintiffs also allege that the Moving Defendants were engaged in a "RICO

2

Enterprise" with the Unlicensed Lenders, the purpose of which was to market and issue the illegal payday loans to the public. (*See, e.g.,* FAC ¶¶ 60-118.)

The general structure of the alleged RICO Enterprise, as described in the FAC, is that the MoneyMutual Defendants marketed and promoted payday loans to the public. Plaintiffs allege that Shoaf incorporated and acted as an officer of Effective, which was created to hold the "MoneyMutual.com" website and to conceal the ownership of the website.[3] (FAC ¶¶ 62, 64-67.) Plaintiffs also allege that other defendants negotiated and signed contracts, relating to payday loan "leads," with the Cane Bay Defendants and the Rare Moon Defendants, who were acting on behalf of the Unlicensed Lenders. (FAC ¶¶ 71-77.)

Based on these and other allegations, which the Court shall address as necessary, Plaintiffs assert claims against the Defendants for: (1) violations of the DDTL, based on assisting in the origination of payday loans without a license; (2) violations of the Racketeer Influenced and Corrupt Organizations Act of 1970, 18 U.S.C. section 1962(c) (the "Civil RICO Claim"); and (3) violations of California's Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200, *et seq.*

## ANALYSIS

**A.     Standing.**

The Rare Moon Defendants move to dismiss, in part, on the basis that Plaintiffs lack Article III standing. The Court evaluates the motion to dismiss for lack of Article III standing pursuant to Rule 12(b)(1). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a defendant raises a facial challenge to subject matter jurisdiction, a court "must accept as true all material allegations in the complaint, and must construe the complaint in" a plaintiffs' favor. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual

---

[3]     The MoneyMutual Defendants are identified in the Court's Order resolving their motion to dismiss.

3

1 allegations of injury resulting from the defendant's conduct may suffice, for on a motion
2 dismiss, [courts] presume that general allegations embrace those specific facts that are
3 necessary to support the claim.") (internal cite and quotations omitted).

4 In order to satisfy Article III's standing requirements, Plaintiffs must show: (1) they
5 suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent,
6 not conjectural or hypothetical; (2) that the injury is fairly traceable to the Defendants' conduct;
7 and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a
8 favorable decision. *Lujan*, 504 U.S. at 560-61.[4]

9 Financial Code section 23005 provides, *inter alia*, that "[n]o person shall ... assist a
10 deferred deposit originator in the origination of a deferred deposit transaction without first
11 obtaining a license from the commissioner...." A willful violation of that provision will cause
12 the deferred deposit transaction to be void. Cal. Fin. Code § 23060(b). Each of the Plaintiffs
13 allege that they obtained a payday loan from entities that did business with the Defendants, and
14 that they paid money on those loans.[5] (FAC ¶¶ 53-56.) Plaintiffs also allege that those loans
15 were void, because Defendants are not licensed in California but assisted in originating deferred
16 deposit transactions in a variety of ways, including entering into marketing contracts with other
17 Defendants to sell payday loans to the Unlicensed Lenders. (*See, e.g.,* FAC ¶¶ 75, 77.)

18 For purposes of Article III standing, the Court concludes that Plaintiffs have *alleged*
19 facts sufficient to show that they suffered an injury, namely that they paid money on loans that
20 are allegedly void under California law. The Court also concludes that Plaintiffs have *alleged*
21 facts that are sufficient to show that the alleged injury is "fairly traceable" to Rare Moon's
22 conduct.

---

[4] "The jurisdictional question of standing precedes, and does not require, analysis of the merits." *Equity Lifestyle Props., Inc. v. County of San Luis Obispo*, 548 F.3d 1184, 1189 n.10 (9th Cir. 2008). Thus, the fact that Plaintiffs may allege facts that, at the pleading stage, satisfy the requirements for Article III standing does not mean these same facts would be sufficient to state a claim. *See Doe v. Chao*, 540 U.S. 614, 624-25 (2004); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 712 n.5 (N.D. Cal. 2011) (quoting *Doe*, 540 U.S. at 624-25).

[5] In addition, as discussed in Section B.3, Plaintiffs have submitted documents which suggest that at least some of the Rare Moon and Cane Bay Defendants may be Unlicensed Lenders.

4

1    Accordingly, the Court DENIES the Rare Moon Defendants' motion to dismiss for lack
2 of standing.

**B.    Personal Jurisdiction.**

    **1.    Applicable Legal Standards.**

Each of the Moving Defendants moves to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).[6]  Plaintiffs bear the burden to establish personal jurisdiction.  *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007).  The Court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues.  *Data Disc*, 557 F.2d at 1285.

When "a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss ....  That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant."  *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted); *see also AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (holding that where the trial court rules on jurisdictional issue based on affidavits and without holding an evidentiary hearing, the plaintiff need only make a prima facie showing).  Where the facts are not directly controverted, plaintiff's version of the facts is taken as true.  *See AT&T*, 94 F.3d at 588.  Likewise, conflicts between the facts contained in the parties' affidavits must be resolved in a plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.  *Schwarzenegger v. Fred Martin Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

"Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process."  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996)).  Because California's long arm statute is co-

---

[6] Shoaf and Effective request that the Court take judicial notice of two orders in *Pham v. JPMorgan Chase Bank, N.A.,* Alameda Superior Court No. RG 12-652919 granting their motions to dismiss for lack of personal jurisdiction.  Because Plaintiffs do not contend that the Court has general or specific or jurisdiction over Shoaf and Effective, the Court DENIES the request as moot.

5

extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 801.

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The overriding constitutional principle is that maintenance of an action in the forum must not offend "traditional conception[s] of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

### 2. Section 1965(b).

Plaintiffs rely primarily 18 U.S.C. section 1965(b) to establish personal jurisdiction over Moving Defendants.[7] In order to establish personal jurisdiction under Section 1965(b), Plaintiffs must show: (1) the Court has personal jurisdiction over at least one of the participants in the action; (2) "there is no other district in which a court will have personal jurisdiction over the alleged co-conspirators;" and (3) the facts show a *single nationwide* RICO conspiracy exists. *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 539 (9th Cir. 1986).

The MoneyMutual Defendants have not contested personal jurisdiction. Thus, the Court has jurisdiction over at least one of the participants in the action. Plaintiffs have also demonstrated that there is no other district that would have personal jurisdiction over all of the named defendants. Moving Defendants argue that Plaintiffs have not alleged sufficient facts to meet the third prong of the *Butcher's Union* test.

In order to demonstrate that a single nationwide RICO conspiracy exists Plaintiffs must "allege either an agreement that is a substantive violation of RICO or that the defendants agreed to, or participated in, a violation of two predicate offenses." *Howard v. America Online, Inc.*,

---

[7] "In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof."

6

208 F.3d 741, 751 (9th Cir. 2000) (citing *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993). The Court considers whether the "words, actions and relationships between the parties," as alleged in the FAC, raise an inference of an agreement. *See Oki Semiconductor Co. v. Well's Fargo National Bank, Ass'n*, 298 F.3d 768, 775 (9th Cir. 2002).

In *Cascade Yarns, Inc. v. Knitting Fever*, *Inc.*, the court concluded that the plaintiff sufficiently alleged a conspiracy against a group of defendants by virtue of the relationships and communications between them. 2011 WL 31862, *9-10 (W.D. Wash. Jan. 3, 2011).[8] In that case, the plaintiff claimed defendants, who were its competitors in the luxury yarn business, made false representations about the cashmere content of one of its brands, and when challenged by plaintiff, contended that plaintiff's allegations were false and threatened plaintiff with litigation. *Id.*, 2011 WL 31862, *1-*2.

To show that the defendants (KFI, Elalouf, Bliss and Designer Yarns) were engaged in a RICO conspiracy, the plaintiffs alleged that Elalouf created Designer Yarns for the purpose of selling Bliss brand yarns. The plaintiff also alleged that the attorney who threatened it with litigation did so on behalf of KFI, Designer Yarns, and Bliss. Bliss was also alleged to have written a letter to her customers, at Elalouf's urging, claiming the cashmere content on her yarns was accurate. Finally, plaintiffs alleged that Elalouf and Designer Yarns' manager had emailed one another to discuss how to best to attack plaintiff's allegations. *Id.*, 2011 WL 31682, *9. The court noted that plaintiffs "describe[d] specific communications made by individual defendants and the circumstances surrounding the creation, manufacture, and distribution of Designer Yarns and the ... Bliss brand," and that it could infer from "the specific acts and relationships" that the parties had an agreement with one another. *Id.*, 2010 WL 31682, *10.

In contrast, in *Butcher's Union*, although the plaintiffs argued that there was a nationwide conspiracy between the defendants to engage in union busting activities, the court

---

[8] The *Cascades Yarn* court evaluated the sufficiency of the allegations of conspiracy in connection with the defendants' motion to dismiss for failure to state a claim. The court concluded that plaintiffs could not rely on Section 1965(b) to establish personal jurisdiction over the defendants, because one defendant had not been served within the United States and courts in New York could have exercised jurisdiction over all of the remaining defendants. *Cascade Yarns*, 2011 WL 31862, at *6.

7

1  found that the facts showed that there were four independent conspiracies involving four
2  employers who had no connection with one another, other than the fact that they used the same
3  lawyers, and did not know of or participate in the other conspiracies. As a result, the court held
4  plaintiffs had not sufficiently alleged a single conspiracy and, thus, could not rely on Section
5  1965(b) to establish jurisdiction over two of the employers. *Id.*

6  The Court concludes that Plaintiffs' allegations are more analogous to the facts in
7  *Butcher's Union* than the facts in *Cascade Yarns*. Specifically, Plaintiffs fail to allege
8  *any* connection between the Rare Moon Defendants and the Cane Bay Defendants and the only
9  connection between those two groups of defendants is that they are alleged to have done
10 business with the MoneyMutual Defendants. At best, when the Court considers the "actions,
11 words, and relationships" alleged, Plaintiffs' allegations *might* show two separate conspiracies:
12 one between the MoneyMutual Defendants and the Rare Moon Defendants; and one between
13 the MoneyMutual Defendants and the Cane Bay Defendants. Because the Court concludes that
14 Plaintiffs have failed to allege a single RICO conspiracy, they cannot rely on Section 1965(b) to
15 establish personal jurisdiction over any of the Moving Defendants.

16 Accordingly, the Court GRANTS the motions to dismiss on that basis.

17 **3. Specific Jurisdiction and Jurisdictional Discovery.**

18 Plaintiffs also argue that the Court has specific jurisdiction over the Rare Moon
19 Defendants. Plaintiffs' "Notice of Recent Developments" suggests that Plaintiffs may be able
20 to allege facts showing that the Court has specific jurisdiction over the Cane Bay Defendants.

21 Specific jurisdiction over a defendant exists where: (1) the defendant has purposefully
22 directed his or her activities at residents of the forum state or in the forum state itself; (2) the
23 plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal
24 jurisdiction is reasonable and fair. *Schwarzenegger v. Fred Martin Co.*, 374 F.3d 797, 802 (9th
25 Cir. 2004); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-77 (1985). "The
26 plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to
27 satisfy either of these prongs, personal jurisdiction is not established in the forum state."
28 *Schwarzenegger*, 374 F.3d at 802 (internal citation omitted). "On the other hand, if the plaintiff

8

succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007) (internal quotations and citations omitted).

The "purposeful availment" prong, "includes both purposeful availment and purposeful direction. It may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof." *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006); *see also Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

Plaintiffs argue that each of the Rare Moon Defendants meet the "purposeful availment" prong, because they negotiated and entered into marketing contracts, on behalf of the Unlicensed Lenders, with the Money Mutual Defendants, pursuant to which Unlicensed Lenders purchased leads "of which many must have been for California residents." (Docket No. 106-5, Opp. Br. at 8:12-13.) Plaintiffs also allege that the Cane Bay Defendants entered into similar marketing contracts with the Money Mutual Defendants. Although the Plaintiffs do not allege that any of these marketing contracts was negotiated or entered into in California, Plaintiffs have included materials that suggest at least some of the Rare Moon Defendants are Unlicensed Lenders. (*See* Docket No. 106-6, Declaration of Jeffrey Wilens ("Wilens Decl."), ¶¶ 3, 5; Docket No. 106-8, Wilens Decl. Ex. 3 (Marketing Contracts between Partner Weekly and VIP PDL Services, LLC); Docket No. 106-10, Wilens Decl., Ex. 4 (Consent Judgment against Mitchem and "PDL Support, LLC"). Plaintiffs have made a similar showing with respect to the Cane Bay Defendants. (*See* Docket No. 80-6, Declaration of Jeffrey Wilens ("Wilens Decl.")

The Court has broad discretion in determining whether to permit jurisdictional discovery. *See Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977) (holding that district courts have broad discretion to permit discovery to aid in the determination of personal jurisdiction); *see also Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977). The Court concludes that jurisdictional discovery

9

is warranted on the limited issue of whether the Court can exercise specific jurisdiction over the Rare Moon and Cane Bay Defendants. The Court reminds Plaintiffs that, to the extent they seek to hold the individuals associated with the Rare Moon and Cane Bay entities liable, they must rely more on those individuals' positions within the entities to establish jurisdiction. *See, e.g., Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.*, 880 F. Supp. 2d 743, 750 (C.D. Cal. 1995).

In light of the fact that the Court is reserving a ruling on the Rare Moon Defendants' motion to dismiss for lack of personal jurisdiction, the Court denies, without prejudice, their motions to dismiss for failure to state a claim and to compel arbitration. If the Court determines that it can exercise jurisdiction over any - or all - of the Rare Moon Defendants, they can renew those motions at a later date.

**CONCLUSION**

For the reasons set forth above, the Court GRANTS the motion to dismiss filed by Shoaf and Effective, and it DISMISSES all claims against Shoaf and Effective with prejudice. The Court GRANTS IN PART AND RESERVES IN PART the motions to dismiss for lack of personal jurisdiction filed by the Rare Moon and Cane Bay Defendants. The Court DENIES the Rare Moon Defendants' motion to dismiss for lack of standing, and it DENIES, WITHOUT PREJUDICE, the Rare Moon Defendants' motion to dismiss for failure to state a claim and to compel arbitration.

The Court HEREBY GRANTS Plaintiffs' request for jurisdictional discovery as to the Rare Moon and Cane Bay Defendants. The parties shall complete jurisdictional discovery by no later than November 25, 2014. After the parties have completed jurisdictional discovery, Defendants shall file a supplemental brief in support of their motion to dismiss by December 9, 2014. Plaintiffs shall file a supplemental opposition by December 16, 2014. Defendants may file a reply by December 23, 2014. Unless the Court determines a hearing is necessary, the Court shall resolve the matter on the papers. If the parties seek an extension of these deadlines, they must establish good cause for any such request.

//

The Court HEREBY REFERS this matter to a randomly assigned Magistrate Judge to resolve any and all discovery disputes in this case, including any disputes relating to the jurisdictional discovery permitted by this Order.

**IT IS SO ORDERED.**

Dated: September 23, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

cc: Magistrate Referral Clerk

11