UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| SEAN L. GILBERT, et al., | No. C 13-01171 JSW (LB) |
|         Plaintiffs, | **ORDER REGARDING THE PARTIES' JOINT DISCOVERY LETTER DATED NOVEMBER 24, 2014** |
|     v. | |
| BANK OF AMERICA, et al., | [Re: ECF No. 137] |
|         Defendants. | |

The parties filed a joint discovery letter brief regarding Plaintiffs' motion to take the deposition of non-party David Odell. (Letter Brief, ECF No. 137.) Mr. Odell, who is the President of non-party Summit Computer Solutions, filed a declaration in support of the Rare Moon Defendants' motion to compel arbitration. (*Id.* at 1, 11-14.[1]) In that declaration, he talks about Summit's provision of information-technology services to Rare Moon Media, LLC and how customers such as the named Plaintiffs electronically filled out and signed the payday loan agreements that contained the arbitration clause at issue. (*Id.* at 12-14.) He purports to authenticate the loan agreements. (*Id.*) Plaintiffs' counsel thinks he cannot do that because he cannot have first-hand knowledge of what and how customers signed. (*Id.*) The court held a hearing on November 26, 2014, and orders a three-hour deposition.

The FAA "calls for a summary and speedy disposition of motions or petitions to enforce

---

[1] The Rare Moon Defendants are Rare Moon Media, LLC; Jeremy Shaffer; Brad Levine; Lindsey Coker; and Josh Mitchem.

arbitration clauses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983). "It was 'Congress's clear intent, in the [FAA], to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'" *Bell v. Koch Foods of Miss., LLC*, 358 Fed. Appx. 498, 500-01 (5th Cir. 2009) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 22).  As part of the FAA's strong policy favoring arbitration, the statute "provides for discovery and a full trial in connection with a motion to compel arbitration only if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'" *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (quoting 9 U.S.C. § 4).  In other words, courts may consider only "issues relating to the making and performance of the agreement to arbitrate." *Id.* at 726 (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967)).  With this in mind, "[d]istrict courts in the Ninth Circuit and the Ninth Circuit itself have allowed a party opposing a motion to compel arbitration to conduct discovery relevant to the issue of unconscionability." *Meyer v. T-Mobile USA Inc.*, 836 F. Supp. 2d 994, 1007 (N.D. Cal. 2011) (citing *Hoffman v. Citibank (South Dakota), N.A.*, 546 F.3d 1078, 1085 (9th Cir. 2008) (remanding case to district court to expand the record on the issue of procedural unconscionability); *Hamby v. Power Toyota Irvine*, 798 F. Supp. 2d 1163, 1164-65 (S.D. Cal. 2011) (granting plaintiff's ex parte application for arbitration-related discovery); *Coneff v. AT & T Corp.*, No. C06–0944RSM, 2007 WL 738612, at *2-3 (W.D. Wash. Mar. 9, 2007) (allowing discovery requests related to the issue of unconscionability but not the merits of the parties' underlying dispute)).

Here, Plaintiff challenges whether Mr. Odell really can authenticate the loan agreements. Discovery into that point is fair.  Moreover, to the extent that Mr. Odell has information relevant to arguments about procedural unconscionability, discovery is relevant too.  Some modest inquiry about the nature of his company's relationship (both services provided and compensation received) is relevant for context and potential bias.  The court does not intend the discovery to be a wide-ranging inquiry into the merits but thinks that the three-hour limit takes care of any concern that the Rare Moon Defendants might have.  Moreover, Mr. Odell is a non-party, and the Rare Moon Defendants' standing really is limited to issues of privilege, which they did not assert.  That being said, the discovery process made sense to ensure the orderly taking of discovery given the pending

C 13-01171 JSW (LB)
ORDER                                2

motion. Also, the Rare Moon Defendants said at the hearing that they would work with Mr. Odell and his counsel to be sure he can be produced along the time line reflected in their pending stipulation before the district judge so that this litigation is not derailed further. As the court observed at the hearing, everyone has an interest in moving this issue along so that the district judge can decide the pending motion to compel arbitration.

**IT IS SO ORDERED.**

Dated: November 26, 2014    _____
LAUREL BEELER
United States Magistrate Judge