**LAKESHORE LAW CENTER**
Jeffrey Wilens, Esq. (State Bar No. 120371)
18340 Yorba Linda Blvd., Suite 107-610
Yorba Linda, CA 92886
714-854-7205
714-854-7206 (fax)
jeff@lakeshorelaw.org

**THE SPENCER LAW FIRM**
Jeffrey P. Spencer, Esq. (State Bar No. 182440)
903 Calle Amanecer, Suite 220
San Clemente, CA 92673
949-240-8595
949-240-8515 (fax)
jps@spencerlaw.net

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| SEAN L. GILBERT, | ) Case No. CV-13-01171-JSW |
| | ) Complaint filed February 11, 2013 |
| | ) Trial Date: |
| | ) Pre-Trial Date: |
| Plaintiff, | ) Discovery Cut-Off: |
| | ) |
| v. | ) **Class Action** |
| | ) |
| BANK OF AMERICA, N.A., et. al, | ) **PLAINTIFFS' OPPOSITION TO** |
| | ) **CANE BAY DEFENDANTS'** |
| | ) **MOTION TO SEAL NUMEROUS** |
| | ) **SUBPARTS OF DOCUMENT 144** |
| | ) **(Local Rule 79-5)** |
| | ) Hearing Date: |
| | ) Department 11 |
| Defendants. | ) Hon. Jeffrey S. White, District Judge |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

Plaintiffs hereby oppose Defendants' Motion to file various portions of their supplemental brief and supporting documents under seal (Doc. 144). Specifically, Defendants seek to seal

(1) portions of the Cane Bay Defendants' Supplemental Brief in Support of Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss") (Doc. 144-6);

(2) portions of the Supplemental Declaration submitted by David A. Johnson in Support of the Motion to Dismiss (Doc. 144-7);

(3) portions of the deposition of David A. Johnson, Exhibit A to the Declaration of Danielle Crockett in Support of the Motion to Dismiss ("Crockett Declaration") (Doc. 144-9);

(4) portions of the deposition of Sarah Reardon, Exhibit B to the Crockett Declaration (Doc. 144-10);

(5) the declaration of David A. Johnson dated October 31, 2014, Exhibit C to the Crockett Declaration (Doc. 144-11); and

(6) the Strategic Management Consulting, Risk Management and Analytics Services Agreement between Cane Bay and Hong Kong Partners, Exhibit D to the Crockett Declaration (Doc. 144-12).

Plaintiffs would ask the Court to defer any ruling until it has read Plaintiffs' Opposition to the Motion to Dismiss and their supporting papers which necessarily will also include items which Defendants claim are confidential and which will also be subject to a motion to seal. Ultimately, Plaintiffs will ask the Court to find that none of the documents submitted for filing under seal by Defendants and none of the documents that will be submitted by Plaintiffs should be filed under seal either.

Without having to seal this Opposition itself, Plaintiffs can only be very general in opposing this administrative motion. Basically, Defendants are trying to make it so burdensome on the Court and opposing counsel, that in the interest of efficiency large swaths of documents will be sealed. A rough estimate from viewing the two deposition transcripts is that much more than 50% of the material is marked as confidential and requested to be sealed. You would think this case involved military secrets.

Let's look at what we are actually dealing with here. Without disclosing any confidential information and just based on public information, Plaintiffs can state categorically that the Cane Bay Defendants controlled two payday loan companies called Cash Yes and Cash Jar, which made thousands of payday loans to California residents. Testimony about the exact ownership structure and the exact number of loans are two of the things Defendants are trying to seal. However, according to David Johnson both of the lenders controlled by Cane Bay ceased operations around November 2013, and Plaintiffs can confirm both websites for the lenders are currently out of business. So we are talking about long defunct businesses.

In his declaration in support of the administrative motion, Mr. Johnson states

> Information concerning the relationships between companies in the industry, the terms of loan lead purchase agreements, and the proprietary analytics used by companies like Cane Bay to advise customers, including lenders, is routinely treated as highly confidential. (Doc. 144-1.)

Information about the relationship between companies is not a subject that should be sealed from the public. In this case, David Johnson owns the lenders that made thousands of loans to California residents but wants that fact to be sealed at the same time he claims California has no jurisdiction over them. Typically, the ownership of corporations is not something that is proprietary or a trade secret. The identity of the

3

companies that sold the leads (MoneyMutual) is already in the public record in this lawsuit as well as the state court action, Pham v. JPMorgan Chase.

The exact terms of the loan lead purchase agreements may not be in the public record, but the fact MoneyMutual charged the lenders $65 to $150 for each payday loan lead is already part of the public record in the Pham action in the Second Amended Complaint, ¶ 107, filed June 11, 2014.  Considering that the leads date back at least one year for defunct lenders, it is hard to see how there is any proprietary value to this data.

As for the "proprietary analytics" used by Cane Bay, none of that is in the information Defendants seek to seal.  Cane Bay Defendants deny in their motion that they targeted California residents but that denial, which is repeated in the testimony that supposedly should be sealed, is hardly appropriate for sealing.  The fact that thousands of loans were made by these two lenders to California residents is a public fact in that those thousands of residents already know who made the loans to them.  As far as secret formulas and computer algorithms, those are not relevant to this lawsuit and are not included in the redacted information.

Just to take one example, Defendants' Exhibit A to the Crockett Declaration (Doc. 144-9) on page 8 of 49 (internal page 23) redacts testimony stating that Cane Bay provides analytic services and an extremely generic description of the methods used—stuff that is common knowledge not proprietary.  There are dozens, maybe hundreds of such examples of material that is designated for sealing but which clearly does not qualify.  Unfortunately, under the time constraints of responding to the jurisdictional motion on the merits as well as this administrative motion to seal, Plaintiffs simply do not have enough time in five days or one week allotted for that purpose to discuss each piece of evidence that Defendants request to seal.  (See Doc. 132 making Defendants'

4

supplemental brief due December 9, 2014 and Plaintiffs' supplemental brief due December 16, 2014)

Because Defendants are asking this Court to place under seal so much information with only the most general of supporting declarations, the motion should be denied or at least held in abeyance until the Court has had the chance to review all the briefings and submitted evidence on the jurisdictional motion.

DATED: December 14, 2014

                Respectfully submitted,

                By    _/s/_Jeffrey Wilens_____

                JEFFREY WILENS
                Attorney for Plaintiff