IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN L GILBERT, et al., | No. C 13-01171 JSW |
| Plaintiffs, | **NOTICE OF QUESTIONS FOR HEARING** |
| v. | |
| BANK OF AMERICA, et al., | |
| Defendants. / | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 9, 2015, AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are

working on this case be permitted to address some or all of the Court's questions contained herein.

The Court advises the parties that is does not wish to hear argument regarding the Odell Declaration.

1. Would the Rare Moon Defendants agree that they bear the burden, as non-signatories to the Loan Agreements containing the arbitration clause, to show they are entitled to enforce that clause?  *See, e.g., Murphy v. DirectTV, Inc.,* 724 F.3d 1218, 1233-34 (9th Cir. 2013).

    a. If so, what is their best authority to show that reliance on Plaintiffs' allegations of agency alone, unsupported by evidence, would be sufficient to show they are entitled to enforce the arbitration clause on an agency theory?

2. In their opening brief, the Rare Moon Defendants suggested the issue of whether the arbitration clause is unconscionable is a matter for the arbitrator (Mot. at 5:16-22), and Plaintiffs' concurred in that view in their opposition. However, in their Reply brief, the Rare Moon Defendants argue that the issue of whether the arbitration clause is unconscionable is a matter for the Court and argue that Plaintiffs have waived this issue. (Reply at 12:2-13:23.)

    a. What is Plaintiffs' response to the Rare Moon Defendants' argument that the arbitration clause is not unconscionable?

**IT IS SO ORDERED.**

Dated: January 5, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2