STATE OF CALIFORNIA -- BUSINESS, TRANSPORTATION AND HOUSING AGENCY          EDMUND G. BROWN JR., *Governor*

# DEPARTMENT OF CORPORATIONS
*Business Services and Consumer and Investor Protection*



**JAN LYNN OWEN**
**California Corporations Commissioner**

# MEDIA RELEASE

**For Immediate Release**                                          **Contact:**
April 15, 2013                                       Mark Leyes (916) 322-7180

# California Department of Corporations Issues Desist and Refrain Order Against Illegal Online Payday Lender

SACRAMENTO, CA (April 15, 2013) – The California Department of Corporations has issued an enforcement order against Northway Financial Corporation Ltd. and Northway Broker Ltd. (collectively, "Northway Financial"), unlicensed online payday lenders doing business as PixyCash.com.

"This type of order is our first step against aggressive and unchecked online solicitations," said Corporations Commissioner Jan Lynn Owen. "The Department is committed to combating this growing menace to consumers, even when the perpetrators are located offshore."

The Desist & Refrain Order was issued against Northway Financial for offering payday loans over the Internet to California residents without a license and exceeding statutory loan limits and fee caps. Citations totaling $32,500 were issued against Northway Financial for 13 specific violations.

The Department also issued an order voiding all illegal transactions made by Northway Financial and PixyCash.com with California borrowers. The defendants are ordered to cease collections of and return all principal amounts from transactions in California. They are also ordered to disgorge any and all charges or fees received in conjunction with those transactions. The order may be viewed and printed at the Department's website, http://www.corp.ca.gov/ENF/pdf/2013/NorthwayFinancial_dr.pdf.

Since the start of the year, the Department has issued orders against six online lenders ordering them to desist and refrain from violations of state law and, in some cases, void transactions and issue citations. To help consumers avoid falling victim to online unlicensed payday lenders, the Department recently issued a Payday Loan Consumer Alert (http://www.corp.ca.gov/Press/news/2012/InternetPaydayLendingAlert_8-13-12.pdf).

The online payday lending companies sanctioned so far this year by the Department (and their locations) are:

- Bottom Dollar Payday – Costa Rica
- CashLine LLC – Malta, European Union
- Cash Yes and Hong Kong Partners – Belize
- Federated Financial Services (dba Payday Nation) – United Kingdom
- Joro Resources LLC (dba IdealGelt) – Texas
- Northway Financial Corporation – Malta, European Union

Orders may be viewed and printed at the Department's website, http://www.corp.ca.gov/ENF/Default.asp.

Consumers are strongly advised to avoid entering personal or financial data on Internet-based application forms until the firm is verified as a lender licensed by the Department of Corporations. Personal financial data can be misused or pirated even before a loan is agreed to by the borrower. Lenders can be verified at the Department's website at http://www.corp.ca.gov/FSD/Licensees/default.asp or by calling toll-free at 1-866-ASK-CORP.

### #

DATE 4/7/15  EXHIBIT 1
WITNESS Mckay
MICHAEL CUNDY

State of California - Department of Corporations

**STATE OF CALIFORNIA**

**BUSINESS, TRANSPORTATION AND HOUSING AGENCY**

**DEPARTMENT OF CORPORATIONS**

TO:    **Cash Jar**
       **Down Under Ventures doing business as Cash Jar**
       P.O. Box 025250
       Miami, FL 33102
              and
       www.cashjar.com

**DESIST AND REFRAIN ORDER**

(Pursuant to California Financial Code section 23050
for violations of California Financial Code sections 23005 and 23036)

The California Corporations Commissioner ("Commissioner") finds that:

1.     Cash Jar is, and was at all relevant times herein, an entity of unknown form.  Cash Jar maintains a post office box at P.O. Box 025250, Miami, FL 33102 and a website at www.cashjar.com.

2.     Down Under Ventures doing business as Cash Jar ("Down Under") is, and was at all relevant times herein, an entity of unknown form.

3.     Commencing on exact dates unknown to the Commissioner, but in or about 2009 and continuing through to the present, Cash Jar and Down Under have engaged in the business of deferred deposit transactions by offering, originating, or making deferred deposit transactions, or "payday loans".

4.     The Commissioner has jurisdiction over deferred deposit transactions as set forth in the California Deferred Deposit Transaction Law ("CDDTL") (California Financial Code section 23000 *et. seq.*).  Cash Jar and Down Under have not been issued a license by the Commissioner authorizing them to offer, originate, or make deferred deposit transactions under the California Financial Code section 23005.  Cash Jar and Down Under are not exempt from the licensing requirements of the CDDTL.

-1-
DESIST AND REFRAIN ORDER

5.      A deferred deposit transaction is a written transaction whereby one person gives funds to another person upon receipt of a personal check and it is agreed that the personal check shall not be deposited until a later date.  These loans are sometimes referred to as "payday advances" or "payday loans."

6.      Cash Jar and Down Under have been offering their payday loan services over the internet to the general public, including California residents.  According to www.cashjar.com, all loans are made by Down Under.

7.      Cash Jar and Down Under have been offering deferred deposit transactions charging fees of $15 per every $100 borrowed, plus an additional annual percentage rate ("APR") ranging between 438 percent and 1369 percent in violation of California Financial Code section 23036(a).

Based upon the foregoing findings, the California Corporations Commissioner is of the opinion that Cash Jar and Down Under Ventures doing business as Cash Jar have engaged in the business of deferred deposit transactions without having first obtained a license from the Commissioner, in violation of California Financial Code section 23005.

The California Corporations Commissioner is further of the opinion that Cash Jar and Down Under Ventures doing business as Cash Jar have engaged in the business of deferred deposit transactions in violation of California Financial Code section 23036(a).

California Financial Code section 23050 states:

> Whenever, in the opinion of the commissioner, any person is engaged in the business of deferred deposit transactions, as defined in this division, without a license from the commissioner, or any licensee is violating any provisions of the division, the commissioner may order that person or licensee to desist and refrain from engaging in the business or further violating this division. If within 30 days, after the order is served, a written request for a hearing is filed and no hearing is held within 30 days thereafter, the order is rescinded.

Pursuant to California Financial Code section 23050, Cash Jar and Down Under Ventures doing business as Cash Jar are hereby ordered to desist and refrain from engaging in the business of deferred deposit transactions, including, but not limited to originating, or offering to originate, deferred deposit transactions in the State of California without first obtaining a license from the Commissioner, or otherwise being exempt.

State of California - Department of Corporations

-2-
DESIST AND REFRAIN ORDER

EXHIBIT 6:  CEASE AND DESIST ORDERS Page 3 of 55

State of California - Department of Corporations

1

2   Pursuant to California Financial Code section 23036, Cash Jar and Down Under Ventures

doing business as Cash Jar are hereby ordered to desist and refrain from engaging in the business of

deferred deposit transactions in the State of California in violation of section 23036.

This Order is necessary, in the public interest, for the protection of consumers and is

consistent with the purposes, policies, and provisions of the California Deferred Deposit Transaction

Law.  This Order shall remain in full force and effect until further order of the Commissioner.

Dated: May 24, 2010                    PRESTON DuFAUCHARD
Los Angeles, California                California Corporations Commissioner


                                       By_____
                                          ALAN S. WEINGER
                                          Deputy Commissioner

MARY ANN SMITH
Deputy Commissioner
JOHNNY O. VUONG (BAR NO. 249570)
Corporations Counsel
Department of Corporations
320 West 4th Street, Ste. 750
Telephone: (213) 576-7585
Facsimile: (213) 576-7181

Attorneys for Complainant

BEFORE THE DEPARTMENT OF CORPORATIONS

OF THE STATE OF CALIFORNIA

| | | |
|---|---|---|
| In the Matter of THE CALIFORNIA CORPORATIONS COMMISSIONER, | ) ) ) | **1)** **DESIST AND REFRAIN ORDER PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION** |
| Complainant, | ) ) | **23050; AND** |
| v. | ) ) | **2)** **ORDER VOIDING DEFERRED DEPOSIT TRANSACTIONS** |
| BOTTOM DOLLAR PAYDAY | ) ) | **PURSUANT  TO CALIFORNIA FINANCIAL  CODE SECTION** |
| Respondent. | ) ) ) ) | **23060** |

# I.

## FACTUAL BACKGROUND

1.      Bottom Dollar Payday ("BDP") is, and was at all relevant times herein, a lender of indeterminate origin with its principal locations of business at Hunkins Waterfront Plaza, Suite # 556, Charlestown, Nevis (West Indies) and Apartado Postal 1434-1200, San Jose, Costa Rica.

2.      BDP engaged in the business of originating, or offering to originate deferred deposit transactions (commonly referred to as "payday loans") as defined by the California Deferred Deposit Transaction Law ("CDDTL"), California Financial Code section 23000 et. seq. BDP offered deferred deposit transactions to the general public, including California residents, over the Internet.

3.      A deferred deposit transaction is a written transaction whereby one person gives funds to another person upon receipt of a personal check, and it is agreed that the personal check would not be deposited until a later date.  "Personal check" referenced in Financial Code section 23001 includes "the electronic equivalent of a personal check".

4.      In 2012, BDP originated deferred deposit transactions with California residents through the website www.bottomdollarpayday.com, which authorized BDP to electronically debit the borrower's account by means of an Automated Clearing House with the loan amount, fees and charges, on the due date.

5.      The Commissioner has not issued a deferred deposit originator license to BDP pursuant to the CDDTL. As such, BDP is not authorized to offer, originate, or make a deferred deposit transaction, arrange a deferred deposit transaction for a deferred deposit originator, act as an agent for a deferred deposit originator, or assist a deferred deposit originator in the origination of a deferred deposit transaction in California or to California residents, pursuant to California Financial Code section 23005 (a).

6.      BDP is not exempt from the licensing requirements of California Financial Code section 23005 (a).

## II.

## <u>DESIST AND REFRAIN ORDER</u>

The Commissioner is statutorily authorized to enforce all provisions of the CDDTL, including the regulation of deferred deposit transactions, and to order any person to desist and refrain from engaging in violations of the CDDTL.  California Financial Code section 23050 provides:

> Whenever, in the opinion of the commissioner, any person is engaged in the business of deferred deposit transactions, as defined in this division, without a license from the commissioner, or any licensee is violating any provision of this division, the commissioner may order that person or licensee to desist and to refrain from engaging in the business or further violating this division.  If within 30 days, after the order is served, a written request for a hearing is filed and no hearing is held within 30 days thereafter, the order is rescinded.

The foregoing facts establish that BDP engaged in the business of originating or offering to originate deferred deposit transactions through the website, www.bottomdollarpayday.com, without having first obtained a license to do so from the Commissioner, in violation of Financial Code section 23005(a).  The issuance of a Desist and Refrain Order is necessary for the protection of consumers and is consistent with the purposes, policies and provisions of the CDDTL.

Pursuant to California Financial Code section 23050, Bottom Dollar Payday is hereby ordered to desist and refrain from engaging in the business of deferred deposit transactions, including but not limited to, originating or offering to originate deferred deposit transactions in the State of California without first obtaining a license from the California Corporations Commissioner, or otherwise being exempt, as required under Financial Code section 23005 (a).  This Order is necessary, in the public interest, for the protection of consumers and is consistent with the purposes, policies and provisions of the California Deferred Deposit Transaction Law.  This order shall remain in full force and effect until further order of the Commissioner.

//

//

## III.

### ORDER VOIDING CALIFORNIA DEFERRED DEPOSIT TRANSACTIONS

California Financial Code section 23060 provides in pertinent part:

> (b)  If any provision of this division is willfully violated in the making or collection of a deferred deposit transaction, the deferred deposit transaction contract shall be void, and no person shall have any right to collect or receive any amount provided in the deferred deposit transaction, any charges, or fees in connection with the transaction.

BDP willfully violated the CDDTL by originating deferred deposit transactions with California residents over the Internet at www.bottomdollarpayday.com without a license in violation of Financial Code section 23005 (a).

Pursuant to California Financial Code section 23060, any and all deferred deposit transactions contracted with California customers or in the State of California, including but not limited to the deferred deposit transactions originated through www.bottomdollarpayday.com by Bottom Dollar Payday are therefore void. Bottom Dollar Payday is hereby ordered to immediately cease collecting all principal amounts, and return all principal amounts, provided in any and all deferred deposit transactions contracted with California customers or in the State of California, and to disgorge any and all charges or fees received in conjunction with those deferred deposit transactions.

Dated: March 12, 2013          JAN LYNN OWEN
Los Angeles, California         California Corporations Commissioner


By: _____
     MARY ANN SMITH
     Deputy Commissioner
     Enforcement Division

EXHIBIT 6:  CEASE AND DESIST ORDERS Page 8 of 55

State of California - Department of Business Oversight

1  MARY ANN SMITH
   Deputy Commissioner
2  SEAN M. ROONEY
   Assistant Chief Counsel
3  SOPHIA C. KIM (CA BAR NO. 265649)
   Corporations Counsel
4  DEPARTMENT OF BUSINESS OVERSIGHT
   320 West 4th Street, Suite 750
5  Los Angeles, California 90013
   Telephone: (213) 576-7594
6  Facsimile: (213) 576-7180

7  Attorneys for Complainant

8

9             BEFORE THE DEPARTMENT OF BUSINESS OVERSIGHT

10                    OF THE STATE OF CALIFORNIA

11

12 In the Matter of THE COMMISSIONER OF      )  ORDER VOIDING TRANSACTIONS
   BUSINESS OVERSIGHT OF THE STATE OF        )  PURSUANT TO CALIFORNIA FINANCIAL
13 CALIFORNIA,                               )  CODE SECTION 23060; and
                                             )
14              Complainant,                 )  CITATIONS PURSUANT TO CALIFORNIA
                                             )  FINANCIAL CODE SECTION 23058
15        vs.                                )
                                             )
16                                           )
   Cash Yes a.k.a. Cashyes.com,              )
17                                           )
              Respondent.                    )
18                                           )
19 ────────────────────────────────────────  )

20

21      The Commissioner of Business Oversight of the State of California ("Commissioner"),[1] is

22 informed and believes, and based on such information and belief, finds as follows:

23                                   I.

24                       **FACTUAL BACKGROUND**

25      1.    Cash Yes a.k.a. Cashyes.com ("Cash Yes") is at all relevant times herein, an entity of

26 unknown form.  Cash Yes maintains a website at www.cashyes.com listing its address as P.O. Box

27 ────────────────────

28 [1] As of July 1, 2013, the Department of Corporations and the Department of Financial Institutions merged to form the
   Department of Business Oversight.

                                        1

EXHIBIT 6:  CEASE AND DESIST ORDERS Page 9 of 55

State of California - Department of Business Oversight

1   1469, Belize City, Belize Central America, with phone numbers 1-866-568-1419 and 1-866-568-

2   1422, and fax number 1-877-898-3183.   Cash Yes lists the following email addresses on its website:

3   infocy@cashyes.com and recoveries@cashyes.com.

4       2.      Cash Yes is engaged in the business of originating or offering to originate deferred

5   deposit transactions (commonly referred to as "payday loans" or "payday advances") over the

6   internet to the general public, including California residents.

7       3.      "Deferred deposit transaction" means a transaction whereby a person defers depositing

8   a customer's personal check until a specific date, pursuant to a written agreement for a fee or other

9   charge.   "Personal check," which is referenced in California Financial Code section 23001(a),

10  includes the electronic equivalent of a personal check, such as an Automated Clearing House

11  ("ACH") or debit card transaction.

12      4.      On February 4, 2013, pursuant to California Financial Code section 23050, the

13  Commissioner issued a Desist and Refrain Order to Cash Yes a.k.a. Cashyes.com and Hong Kong

14  Partners d/b/a Cash Yes ("February 2013 Order") ordering them to desist and refrain from violating

15  Financial Code sections 23005 (engaging in the business of payday lending in California without a

16  license), 23035 (payday lending face amounts exceeding $300), and 23036 (charging excessive fees).

17  The February 2013 Order remains in full force and effect.

18      5.      The Commissioner has not issued a deferred deposit transaction originator license to

19  Cash Yes pursuant to the CDDTL.   As such, Cash Yes is not authorized to engage in payday lending,

20  or to offer, originate, or make a deferred deposit transaction, arrange a deferred deposit transaction

21  for a deferred deposit originator, act as an agent for a deferred deposit originator, or assist a deferred

22  deposit originator in the origination of a deferred deposit transaction in California or to California

23  residents.

24      6.      Yet, beginning in or around July 2013, Cash Yes originated a deferred deposit

25  transaction with at least one California resident who submitted a loan application on the internet.   In

26  or around July 2013, Cash Yes electronically deposited approximately $700 into the California

27  resident's bank account.   Between July 2013 and October 2013, Cash Yes electronically debited

28

2

ORDER VOIDING TRANSACTIONS PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23060; and
CITATIONS PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23058

State of California - Department of Business Oversight

interest and fees from the California resident's bank account on a bi-monthly basis, withdrawing a total of approximately $1580.

7.      On or about November 5, 2013, the California resident received an email from Cash Yes stating that Cash Yes had sold the loan to First Novus, located at P.O. Box 333, Parshall, North Dakota 58770.  On or about November 8, 2013, First Novus electronically debited $200 from the California resident's bank account.

8.      On or about November 20, 2013, the California resident received an email from First Novus stating that the "pay in full amount" was $585 and an automatic payment of $185 in interest and fees was scheduled to be electronically debited from the California resident's bank account on or about November 22, 2013.  The telephone number to contact First Novus was the same as that of Cash Yes: 1-866-586-1419.

## II.

## ORDER VOIDING CALIFORNIA DEFERRED DEPOSIT TRANSACTIONS

California Financial Code section 23060 provides:

> (a) If any amount other than, or in excess of, the charges or fees permitted by this division is willfully charged, contracted for, or received, a deferred deposit transaction contract shall be void, and no person shall have any right to collect or receive the principal amount provided in the deferred deposit transaction, any charges, or fees in connection with the transaction.

> (b) If any provision of this division is willfully violated in the making or collection of a deferred deposit transaction, the deferred deposit transaction contract shall be void, and no person shall have any right to collect or receive any amount provided in the deferred deposit transaction, any charges, or fees in connection with the transaction.

Pursuant to California Financial Code section 23060 subdivisions (a) and (b), any and all deferred deposit transactions contracted with California customers or in the State of California by Cash Yes a.k.a. Cashyes.com are therefore void.  Cash Yes a.k.a. Cashyes.com are hereby ordered to immediately cease collecting all principal amounts, and return all principal amounts, provided in any and all deferred deposit transactions contracted with California customers or in the State of

3

ORDER VOIDING TRANSACTIONS PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23060; and CITATIONS PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23058

EXHIBIT 6:  CEASE AND DESIST ORDERS Page 11 of 55

State of California - Department of Business Oversight

1  California, and to disgorge any and all charges or fees received in conjunction with those deferred

2  deposit transactions.

3  **III.**

4  **CITATIONS**

5  For the CDDTL violations of Cash Yes a.k.a. Cashyes.com, the Commissioner herein issues

6  six (6) separate Citations (A through F), as part of this single document:

7  **CITATION A** – In or around July 2013, Cash Yes a.k.a. Cashyes.com originated a deferred deposit

8  transaction with at least one California resident without a license, in violation of Financial Code

9  section 23005;

10  **CITATION B** – In or around July 2013, Cash Yes a.k.a. Cashyes.com originated a deferred deposit

11  transaction with at least one California resident without a license, in violation of the February 2013

12  Order;

13  **CITATION C** – In or around July 2013, Cash Yes a.k.a. Cashyes.com originated a deferred deposit

14  transaction with at least one California resident with a face amount exceeding the limit of $300, in

15  violation of Financial Code section 23035;

16  **CITATION D** – In or around July 2013, Cash Yes a.k.a. Cashyes.com originated a deferred deposit

17  transaction with at least one California resident with a face amount exceeding the limit of $300, in

18  violation of the February 2013 Order;

19  **CITATION E** – In or around July 2013, Cash Yes a.k.a. Cashyes.com originated a deferred deposit

20  transaction with at least one California resident charging an excessive transaction fee, in violation of

21  Financial Code section 23036; and

22  **CITATION F** – In or around July 2013, Cash Yes a.k.a. Cashyes.com originated a deferred deposit

23  transaction with at least one California resident charging an excessive transaction fee, in violation of

24  the February 2013 Order.

25  California Financial Code section 23058 gives the Commissioner the authority to issue

26  citations for the foregoing CDDTL violations.  Section 23058 states:

27      (a) If, upon inspection, examination or investigation, based upon a complaint or
otherwise, the department has cause to believe that a person is engaged in the

28  business of deferred deposit transactions without a license, or a licensee or

4

ORDER VOIDING TRANSACTIONS PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23060; and
CITATIONS PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23058

EXHIBIT 6:  CEASE AND DESIST ORDERS Page 12 of 55

person is violating any provision of this division or any rule or order thereunder, the department may issue a citation to that person in writing, describing with particularity the basis of the citation. Each citation may contain an order to desist and refrain and an assessment of an administrative penalty not to exceed two thousand five hundred dollars ($2,500). All penalties collected under this section shall be deposited in the State Corporations Fund.

(b) The sanctions authorized under this section shall be separate from, and in addition to, all other administrative, civil, or criminal remedies.

(c) If within 30 days from the receipt of the citation of the person cited fails to notify the department that the person intends to request a hearing as described in subdivision (d), the citation shall be deemed final.

(d) Any hearing under this section shall be conducted in accordance with Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code, and in all states the commissioner has all the powers granted therein.

(e) After the exhaustion of the review procedures provided for in this section, the department may apply to the appropriate superior court for a judgment in the amount of the administrative penalty and order compelling the cited person to comply with the order of the department. The application, which shall include a certified copy of the final order of the department, shall constitute a sufficient showing to warrant the issuance of the judgment and order.

Pursuant to California Financial Code section 23058, Cash Yes a.k.a. Cashyes.com is hereby ordered to pay the Commissioner an administrative penalty of two thousand five hundred dollars ($2,500) for each of the six (6) citations (Citations A through F) for the total amount of ten thousand dollars ($15,000) within thirty (30) days from the date of this citation.

Dated: March 28, 2014
      Los Angeles, California

               JAN LYNN OWEN
               Commissioner of Business Oversight

               By: _____
                   MARY ANN SMITH
                   Deputy Commissioner

*State of California - Department of Business Oversight*

5

EXHIBIT 6:  CEASE AND DESIST ORDERS Page 13 of 55

**STATE OF MICHIGAN**
**DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS**
**OFFICE OF FINANCIAL AND INSURANCE REGULATION**

**Before the Commissioner of the Office of Financial and Insurance Regulation**

In the matter of:

**Hong Kong Partners LTD**                          **Enforcement Case No. 12-11605**
**dba Cash Yes and Cash Yes.com**                    **Agency No. 12-033-RL**

                    Respondent.
_____/

Issued and entered,
this _30th_ day of _November_, 2012
by Stephen R. Hilker
Senior Deputy Commissioner

**FINAL ORDER TO CEASE AND DESIST**

1.  On October 12, 2012, the Senior Deputy Commissioner issued a Notice of Intention to Issue a Cease and Desist Order (Order) pursuant to Section 9a of the Michigan Regulatory Loan Act (RLA), MCL 493.9a, against Respondent.

2.  The Order contained allegations that Respondent violated various sections of the RLA.

3.  The Order was mailed to Respondent at its last known addresses of record.

4.  The Order advised the Respondent to respond no later than 21 days after the Order was delivered or mailed to the Respondent and advised that failure to respond would constitute a default resulting in a Final Order to Cease and Desist.

5.  Respondent failed to timely respond; therefore, the Order is **FINAL.**

By: _Stephen R. Hilker_
Stephen R. Hilker
Senior Deputy Commissioner
Office of Financial and Insurance Regulation

10

<div style="writing-mode: vertical">State of California - Department of Corporations</div>

1   PRESTON DuFAUCHARD
    California Corporations Commissioner
2   ALAN S. WEINGER
    Deputy Commissioner
3   LINDSAY B. HERRICK (SBN 224986)
    Corporations Counsel
4   Department of Corporations
    1515 K Street, Ste. 200
5   Sacramento, California 95814
    Telephone: (916) 445-3682
6   Facsimile: (916) 445-6985

7   Attorneys for Complainant
    CALIFORNIA CORPORATIONS COMMISSIONER

8

9                 BEFORE THE DEPARTMENT OF CORPORATIONS

10                    OF THE STATE OF CALIFORNIA

11  In the Matter of the Orders Issued to:          )
                                                     )
12                                                   )
    EVEREST CASH ADVANCE, and EVEREST               )   DESIST AND REFRAIN ORDER (FIN CODE
13  CASH ADVANCE dba NXT DAY CASH, and              )   § 23050) AND ORDER VOIDING
    dba MY NEXT DAY CASH, and dba                   )   TRANSACTIONS AND TO DISGORGE ALL
14  WWW.MYNEXTDAYCASH.COM, and                      )   CHARGES AND FEES (FIN CODE §23060)
    WWW.EVERESTCASHADVANCE.COM, and                 )
15  dba SCS PROCESSING and dba SCS                   )
    PROCESSING, LLC,                                 )
16                                                   )
                                                     )
17                Respondent.                        )
                                                     )
18                                                   )
                                                     )
19                                                   )
                                                     )
20  _____ )

21          Complainant, the Commissioner of the Department of Corporations ("Commissioner" or

22  "Department"), is informed and believes, and based on such information and belief, finds as follows:

23                                        I

24                         **FACTUAL BACKGROUND**

25          Everest Cash Advance, doing business as NXT DAY CASH, My Next Day Cash, located at

26  P.O. Box 636 Charlestown, Nevis, West Indies, and operating on the Internet at

27  www.mynextdaycash.com, using a phone number (877) 355-3915, offers "payday loans" to its

28

---

DESIST AND REFRAIN ORDER (FIN CODE § 23050) AND ORDER VOIDING TRANSACTIONS
AND TO DISGORGE ALL CHARGES AND FEES (FIN CODE §23060)

1    customers.

2       Additionally, Everest Cash Advance also offers payday loans to its customers over the

3   Internet operating at www.everestcashadvance.com, using the telephone number of (866) 794-3244

4   and doing business as SCS Processing and SCS Processing, LLC, (hereinafter "Everest") also located

5   at P.O. Box 636, Edith Solomon Bldg., Charleston, Nevis, West Indies.

6       Since at least September 18, 2008, Everest has engaged in the business of offering,

7   originating, or making deferred deposit transactions, as defined by the California Deferred Deposit

8   Transaction Law ("CDDTL", Cal. Fin Code sections 23000 *et seq.*)[1], section 23001(a), whereby

9   Everest defers depositing the customer's personal check until a specific date pursuant to a written

10   agreement for a fee or other charge.

11       Everest describes payday loans as providing cash in advance, between paydays, for those who

12   are facing a financial hardship or a "cash emergency".  Customers submit an application online and

13   are required to provide their checking account information from which Everest automatically deposits

14   loan monies and debits payments.  Everest, however, then uses customers' banking account

15   information to deduct additional fees and charges beyond what customers were told they would have

16   to pay, sometimes in excess of more than double the amount of the original loan.

17       Neither Everest, NXT DAY CASH, My Next Day Cash, www.mynextdaycash.com,

18   www.everestcashadvance.com, SCS Processing nor SCS Processing, LLC have been issued a

19   deferred deposit transaction originator license by the Commissioner pursuant to the CDDTL.  As

20   such, none of them is authorized to engage in payday lending, or to offer, originate, or make a

21   deferred deposit transaction, arrange a deferred deposit transaction for a deferred deposit originator,

22   act as an agent for a deferred deposit originator, or assist a deferred deposit originator in the

23   origination of a deferred deposit transaction.

24   ///

25   ///

26

27   _____

28   [1] All future references are the California Financial Code unless otherwise indicated.

---

2

DESIST AND REFRAIN ORDER (FIN CODE § 23050) AND ORDER VOIDING TRANSACTIONS
AND TO DISGORGE ALL CHARGES AND FEES (FIN CODE §23060)

42

State of California - Department of Corporations

## II

### CDDTL VIOLATIONS AND ORDERS

The Department is responsible for enforcing all provisions of the CDDTL, including the regulation of deferred deposit transactions, which are also commonly referred to as "payday advances" or "payday loans."

#### A.     Desist and Refrain Order

The Commissioner is statutorily authorized to order any person to desist and refrain from engaging in violations of the CDDTL. Financial Code section 23050 provides:

> Whenever, in the opinion of the commissioner, any person is engaged in the business of deferred deposit transactions, as defined in this division, without a license from the commissioner,…the commissioner may order that person…to desist and to refrain from engaging in the business or further violating this division. If within 30 days, after the order is served, a written request for a hearing is filed and no hearing is held within 30 days thereafter, the order is rescinded.

The foregoing facts establish multiple violations of the CDDTL by Everest. The issuance of a Desist and Refrain Order, therefore, is necessary for the protection of consumers and is consistent with the purposes, policies, and provisions of the CDDTL.

Pursuant to section 23050, Everest Cash Advance, and Everest Cash Advance doing business as NXT DAY CASH, My Next Day Cash, www.mynextdaycash.com, www.everestcashadvance.com, SCS Processing and SCS Processing, LLC, is hereby ordered to desist and refrain from violating California Financial Code section 23036(b). This Order shall remain in full force and effect until further order of the Commissioner.

#### B.     Order Voiding California Deferred Deposit Transactions

California Financial Code section 23060, subdivision (a), states:

> If any amount other than, or in excess of, the charges or fees permitted by this division is willfully charged, contracted for, or received, a deferred deposit transaction contract shall be void, and no person shall have any right to collect or receive the principal amount provided in the deferred deposit transaction, any charges, or fees in connection with the transaction.

Everest willfully violated provisions of the CDDTL by repeatedly charging California

3

DESIST AND REFRAIN ORDER (FIN CODE § 23050) AND ORDER VOIDING TRANSACTIONS
AND TO DISGORGE ALL CHARGES AND FEES (FIN CODE §23060)

43

State of California - Department of Corporations

1  customers fees or charges without a license in violation of section 23005(a), including excess fees
2  and charges in violation of section 23036(a), in conjunction with deferred deposit transactions.
3  Because Everest willfully charged its customers unauthorized fees or charges, Everest is not entitled
4  to collect or receive the principal amounts provided in those deferred deposit transactions, nor is it
5  entitled to any of the charges or fees associated with the transactions.

6          Pursuant to California Financial Code sections 23060, any and all deferred deposit
7  transactions contracted with California customers or in this state are therefore void.  Everest Cash
8  Advance, and Everest Cash Advance doing business as NXT DAY CASH, My Next Day Cash,
9  www.mynextdaycash.com, www.everestcashadvance.com, SCS Processing and SCS Processing,
10  LLC, is hereby ordered to immediately return the principal amounts provided in any and all
11  deferred deposit transactions contracted with California customers or in the state, and to disgorge
12  any and all charges or fees received in conjunction with the deferred deposit transactions.

13  Dated: May 13, 2011
    Sacramento, California
14

15                              PRESTON DuFAUCHARD
                                California Corporations Commissioner
16

17

18                              By: _____
                                    ALAN S. WEINGER
19                                  Deputy Commissioner
                                    Enforcement Division
20

21

22

23

24

25

26

27

28
                                        4

DESIST AND REFRAIN ORDER (FIN CODE § 23050) AND ORDER VOIDING TRANSACTIONS
AND TO DISGORGE ALL CHARGES AND FEES (FIN CODE §23060)

44

EXHIBIT 6:  CEASE AND DESIST ORDERS Page 18 of 55

State of California - Department of Corporations

**STATE OF CALIFORNIA**

**BUSINESS, TRANSPORTATION AND HOUSING AGENCY**

**DEPARTMENT OF CORPORATIONS**

TO:   **VIP PDL Services, LLC, also known as The VIP Loan Shop**
      **www.thev020shop.com**
      4 Solomon's Arcade, Charlestown
      Nevis, West Indies

**DESIST AND REFRAIN ORDER**

**(For violations of Financial Code Section 23005)**

The California Corporations Commissioner ("Commissioner") finds that:

   1.    VIP PDL Services, LLC, also known as The VIP Loan Shop ("VIP") is, and was at all relevant times herein, a company of unknown status located outside of the United States.  It has a purported business address of 4 Solomon's Arcade, Charlestown, Nevis, West Indies.  VIP maintains a website at www.thev020shop.com.

   2.    Since at least 2009, VIP has engaged in the business of offering, originating, or making deferred deposit transactions in California, as defined by the California Deferred Deposit Transaction Law (Fin. Code, § 23000 et seq.) ("CDDTL") and described below.

   3.    A deferred deposit transaction is a written transaction whereby one person gives funds to another person upon receipt of a personal check, and it is agreed that the personal check will not be deposited until a later date.  "Personal check" as referenced in Financial Code section 23001 includes, "the electronic equivalent of a personal check," such as an Automated Clearing House ("ACH") or debit card transaction.

   4.    VIP offers deferred deposit transactions also known as "payday loans" to California residents by way of telephone at (866) 598-1100 and through its website address at www.thev020shop.com, as described below.



EXHIBIT 6:  CEASE AND DESIST ORDERS Page 19 of 55

State of California - Department of Corporations

5.      VIP borrowers submit an online loan application through the company's website at www.theviploanshop.com.  The borrowers are required to provide their checking account information from which VIP automatically debits payments, fees, and interest from the borrowers.  VIP, however, then uses the borrowers' bank account information to deduct additional charges, sometimes doubling or tripling the amount of the original loan, beyond what the CDDTL allows.

6.      Financial Code section 23005, subdivision (a) provides that "no person shall offer, originate, or make a deferred deposit transaction, arrange a deferred deposit transaction for a deferred deposit originator, or assist a deferred deposit originator in the origination of a deferred deposit transaction without first obtaining a license from the commissioner."

7.      The Commissioner has not issued a deferred deposit transaction originator license to VIP pursuant to the CDDTL.  As such, VIP is not authorized to engage in payday lending, or to offer, originate, or make deferred deposit transactions, arrange deferred deposit transactions for a deferred deposit originator, act as an agent for a deferred deposit originator, or assist a deferred deposit originator in the origination of deferred deposit transactions in California or to California residents.

Based upon the foregoing, the Commissioner is of the opinion that VIP PDL Services, LLC, also known as The VIP Loan Shop has engaged in the business of deferred deposit transactions without first having applied for and secured a license from the Commissioner, in violation of Financial Code section 23005.

VIP PDL Services, LLC, also known as The VIP Loan Shop is hereby ordered to desist and refrain from engaging in the business of offering, originating, or making a deferred deposit transaction, arranging a deferred deposit transaction for a deferred deposit originator, act as an agent for a deferred originator, or assist a deferred deposit originator in the origination of a deferred deposit transaction in the State of California without a license.

///

///

///

1    This Order is necessary, in the public interest, for the protection of consumers and is
2  consistent with the purposes, policies and provisions of the California Deferred Deposit Transaction
3  Law.
4    This Order shall remain in full force and effect until further order of the Commissioner.
5  Dated: February 14, 2012
       Los Angeles, California
6
                                   JAN LYNN OWEN
7                                   California Corporations Commissioner
8
9                                   By_____
                                      ALAN S. WEINGER
10                                    Deputy Commissioner
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

State of California - Department of Corporations

4乃

1   MARY ANN SMITH
    Deputy Commissioner
2   SEAN ROONEY
    Assistant Chief Counsel
3   JOYCE TSAI
    Senior Corporations Counsel (SBN 241908)
4   DEPARTMENT OF BUSINESS OVERSIGHT
    1350 Front Street, Suite 2034
5   San Diego, CA 92101
    Telephone: (619) 525-4043
6
7   Attorneys for Complainant

8                   BEFORE THE DEPARTMENT OF BUSINESS OVERSIGHT

9                          OF THE STATE OF CALIFORNIA

10

11  In the Matter of the Orders Issued to:        )
                                                  )
12                                                )   DESIST AND REFRAIN ORDER PURSUANT
    INTEGRITY PAYDAY LOANS, LLC,                  )   TO CALIFORNIA FINANCIAL CODE
13                                                )   SECTION 23005; and
                    Respondent.                   )
14                                                )   ORDER VOIDING TRANSACTIONS AND
                                                  )   DISGORGING ALL CHARGES AND FEES
15                                                )   PURSUANT TO CALIFORNIA FINANCIAL
                                                  )   CODE SECTION 23060
16                                                )
                                                  )
17  _____)

18          Complainant, the California Commissioner of Business Oversight ("Commissioner") is

19  informed and believes, and based on such information and belief, finds as follows:

20                                          I.

21                               **Factual Background**

22          1.      Integrity Payday Loans, LLC ("Integrity") is an entity of unknown form located at 4

23  Soloman's Arcade, Charlestown, Nevis, West Indies.  It maintains a website at www.ipltoday.com.

24  Integrity also does business as IPLToday.com.

25          2.      According to its website, Integrity offers a "loan matching service" which "matches

26  consumers with prospective lenders participating in IPLToday.com's direct network of payday loan

27  lenders."

28

1

DESIST AND REFRAIN ORDER PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23050; and ORDER
VOIDING TRANSACTION AND DISGORGING ALL CHARGES AND FEES PURSUANT TO CALIFORNIA
FINANCIAL CODE SECTION 23060

EXHIBIT 6:  CEASE AND DESIST ORDERS Page 22 of 55

State of California - Department of Business Oversight

State of California - Department of Business Oversight

3. Beginning in 2012 or earlier, Integrity made or assisted in making a deferred deposit transaction to a California resident. For this transaction, Integrity deducted multiple fees from the California resident's bank account.

4. Integrity has not obtained a license from the Commissioner authorizing it to offer, originate, or make a deferred deposit transaction under California Financial Code section 23005.

**II.**

**Desist and Refrain Order for Violation of Financial Code Section 23005**

5. The Department of Business Oversight is responsible for enforcing all provisions of the California Deferred Deposit Transaction Law ("CDDTL") (California Financial Code sections 23000 *et seq.*). The Commissioner is statutorily authorized to order any person to desist and refrain from engaging in violations of the CDDTL.

6. California Financial Code section 23005, subdivision (a), provides, in pertinent part:

No person shall offer, originate, or make a deferred deposit transaction, arrange a deferred deposit transaction for a deferred deposit originator, act as an agent for a deferred deposit originator, or assist a deferred deposit originator in the origination of a deferred deposit transaction without first obtaining a license from the commissioner and complying with the provisions of this division . . . .

7. California Financial Code section 23050 provides:

Whenever, in the opinion of the commissioner, any person is engaged in the business of deferred deposit transactions, as defined in this division, without a license from the commissioner, or any licensee is violating any provision of this division, the commissioner may order that person or licensee to desist and to refrain from engaging in the business or further violating this division. If within 30 days, after the order is served, a written request for a hearing is filed and no hearing is held within 30 days thereafter, the order is rescinded.

8. Based upon the foregoing findings, the Commissioner is of the opinion that Integrity Payday Loans, LLC, doing business as IPLToday.com, has engaged in the business of deferred deposit transactions without having first obtained a license from the Commissioner, in violation of California Financial Code section 23005. Pursuant to California Financial Code section 23050, Integrity Payday Loans, LLC, doing business as IPLToday.com, is hereby ordered to desist and refrain from engaging in the business of deferred deposit transactions, including but not limited to

2

DESIST AND REFRAIN ORDER PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23050; and ORDER VOIDING TRANSACTION AND DISGORGING ALL CHARGES AND FEES PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23060

EXHIBIT 6:  CEASE AND DESIST ORDERS Page 23 of 55

State of California - Department of Business Oversight

1  originating, offering, or arranging deferred deposit transactions in the State of California, without

2  first obtaining a license from the Commissioner, or otherwise being exempt.

3      9.      This Order is necessary, in the public interest, for the protection of investors and

4  consistent with the purposes, policies, and provisions of the California Deferred Deposit Transactions

5  Law.

## III.

### Order Voiding Deferred Deposit Transaction and Disgorging All Charges and Fees

10.      Financial Code section 23060, subdivision (b), provides:

If any provision of this division is willfully violated in the making or collection of a deferred deposit transaction, the deferred deposit transaction contract shall be void, and no person shall have any right to collect or receive any amount provided in the deferred deposit transaction, any charges, or fees in connection with the transaction.

11.      Integrity Payday Loans, LLC, doing business as IPLToday.com, willfully violated Financial Code section 23005 by making at least one deferred deposit transaction without being licensed by the Commissioner.

12.      Pursuant to Financial Code section 23060, the above-described transaction is declared void.  Further, Integrity Payday Loans, LLC, doing business as IPLToday.com, has no right to collect or receive any amount provided in that deferred deposit transaction or any charges or fees in connection with that transaction and is hereby ordered to immediately return the principal and all charges and fees received for that transaction.

Dated: January 31, 2014
        Sacramento, California

                    JAN LYNN OWEN
                    Commissioner of Business Oversight


                    By_____
                        MARY ANN SMITH
                        Deputy Commissioner
                        Enforcement Division

3

DESIST AND REFRAIN ORDER PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23050; and ORDER
VOIDING TRANSACTION AND DISGORGING ALL CHARGES AND FEES PURSUANT TO CALIFORNIA
FINANCIAL CODE SECTION 23060

State of California - Department of Corporations

1 PRESTON DuFAUCHARD
  California Corporations Commissioner
2 ALAN S. WEINGER
  Deputy Commissioner
3 ERIK BRUNKAL (SBN 166086)
  Senior Corporations Counsel
4 Department of Corporations
  1515 K Street, Ste. 200
5 Sacramento, California 95814
  Telephone: (916) 322-8782
6 Facsimile: (916) 445-6985

7 Attorneys for Complainant
  CALIFORNIA CORPORATIONS COMMISSIONER

8

9              BEFORE THE DEPARTMENT OF CORPORATIONS

10                OF THE STATE OF CALIFORNIA

11 In the Matter of the Orders Issued to:        )
                                                 )
12                                               )
   Gateway Holdings Group, LLC,                  )    DESIST AND REFRAIN ORDER (FIN CODE
13                                               )    § 23050) AND ORDER VOIDING
                Respondent.                      )    TRANSACTIONS AND TO DISGORGE ALL
14                                               )    CHARGES AND FEES (FIN CODE §23060)
                                                 )
15                                               )
                                                 )
16                                               )
                                                 )
17                                               )
                                                 )
18                                               )
                                                 )
19                                               )
                                                 )
20 ─────────────────────────────

21     Complainant, the Commissioner of the Department of Corporations ("Commissioner" or

22 "Department"), is informed and believes, and based on such information and belief, finds as follows:

23                                  I

24                      FACTUAL BACKGROUND

25     Gateway Holdings Group, LLC, ("Gateway") located at 4 Solomon's Arcade, Charleston,

26 Nevis, West Indies, with a telephone number of (877) 618-5882, a fax number of (888) 241-6841 and

27 an email address of gatewaycs@midlandcompanies.net, offers deferred deposit transactions or

28                                              1

DESIST AND REFRAIN ORDER (FIN CODE § 23050) AND ORDER VOIDING TRANSACTIONS
AND TO DISGORGE ALL CHARGES AND FEES (FIN CODE §23060)

6

State of California - Department of Corporations

1  "payday loans" to Californians through internet-based companies that purportedly match borrowers

2  with lenders.  Gateway does not have its own website, but accepts referrals from other companies

3  who solicit applications from potential California borrowers over the Internet.  Gateway, then,

4  reaches into California, through an initial e-mail to the potential customers e-mail address, and offers

5  these loans to California residents.

6  A deferred deposit transaction is a written transaction whereby one person gives funds to

7  another person upon receipt of a personal check, and it is agreed that the personal check would not be

8  deposited until a later date.  "Personal check" referenced in Financial Code section 23001 includes

9  "the electronic equivalent of a personal check," like an Automated Clearing House ("ACH") or debit

10  card transaction.

11  Since at least June 1, 2011, Gateway has engaged in the business of offering, originating, or

12  making deferred deposit transactions in California, as defined by the California Deferred Deposit

13  Transaction Law ("CDDTL", Cal. Fin Code sections 23000 *et seq.*)[1], section 23001(a), whereby

14  Gateway either defers depositing the customer's personal check or defers making an agreed upon

15  ACH deduction until a specific date pursuant to a written agreement for a fee or other charge.

16  Gateway's customers submit an online application through a third party's website.  The

17  customers are required to provide their checking account information from which Gateway

18  eventually automatically debits payments, fees, and interest from the borrowers.  Gateway, however,

19  then uses customers' banking account information to deduct additional fees and charges beyond what

20  customers were told they would have to pay, sometimes in excess of more than double the amount of

21  the original loan, and far beyond what the CDDTL allows.  For instance, Gateway charges over 780%

22  APR in interest in addition to a $90.00 monthly refinance fee that accrues automatically if the entire

23  balance is not paid off in full.

24  Gateway has not been issued a deferred deposit transaction originator license by the

25  Commissioner pursuant to the CDDTL.  As such, Gateway is not authorized to engage in payday

26

27  [1] All future references are the California Financial Code unless otherwise indicated.

28

2



EXHIBIT 6:  CEASE AND DESIST ORDERS Page 26 of 55

State of California - Department of Corporations

1  lending, or to offer, originate, or make a deferred deposit transaction, arrange a deferred deposit

2  transaction for a deferred deposit originator, act as an agent for a deferred deposit originator, or assist

3  a deferred deposit originator in the origination of a deferred deposit transaction.

## II

## CDDTL VIOLATIONS AND ORDERS

6  The Department is responsible for enforcing all provisions of the CDDTL, including the

7  regulation of deferred deposit transactions, which are also commonly referred to as "payday

8  advances" or "payday loans."

### A.   Desist and Refrain Order

10  The Commissioner is statutorily authorized to order any person to desist and refrain from

11  engaging in violations of the CDDTL.  Financial Code section 23050 provides:

> Whenever, in the opinion of the commissioner, any person is engaged in
> the business of deferred deposit transactions, as defined in this division,
> without a license from the commissioner,…the commissioner may order
> that person…to desist and to refrain from engaging in the business or
> further violating this division.  If within 30 days, after the order is served,
> a written request for a hearing is filed and no hearing is held within 30
> days thereafter, the order is rescinded.

17  The foregoing facts establish multiple violations of the CDDTL by Gateway, including

18  engaging in the business of originating or offering to originate deferred deposit transactions without

19  having first obtained a license to do so from the California Corporations Commissioner in violation

20  of section 23005(a).  The issuance of a Desist and Refrain Order, therefore, is necessary for the

21  protection of consumers and is consistent with the purposes, policies, and provisions of the CDDTL.

22  Pursuant to section 23050, Gateway Holdings Group, LLC, is hereby ordered to desist and

23  refrain from violating California Financial Code section 23005(a).  This Order shall remain in full

24  force and effect until further order of the Commissioner.

25  / / /

26  / / /

27  / / /

28

3



EXHIBIT 6:  CEASE AND DESIST ORDERS Page 27 of 55

State of California - Department of Corporations

**B.      Order Voiding California Deferred Deposit Transactions**

California Financial Code section 23060, subdivision (a), states:

If any amount other than, or in excess of, the charges or fees permitted by this division is willfully charged, contracted for, or received, a deferred deposit transaction contract shall be void, and no person shall have any right to collect or receive the principal amount provided in the deferred deposit transaction, any charges, or fees in connection with the transaction.

Gateway willfully violated provisions of the CDDTL by repeatedly charging California customers fees or charges without a license in violation of section 23005(a), including excess fees and charges in violation of section 23036, in conjunction with deferred deposit transactions. Because Gateway willfully charged its customers unauthorized fees or charges, Gateway is not entitled to collect or receive the principal amounts provided in those deferred deposit transactions, nor is it entitled to any of the charges or fees associated with the transactions.

Pursuant to California Financial Code sections 23060, any and all deferred deposit transactions contracted with California customers or in this state are therefore void.  Gateway Holdings Group, LLC, is hereby ordered to immediately return the principal amounts provided in any and all deferred deposit transactions contracted with California customers or in the state, and to disgorge any and all charges or fees received in conjunction with the deferred deposit transactions.

Dated: August 11, 2011
Sacramento, California

PRESTON DuFAUCHARD
California Corporations Commissioner

By: _____
ALAN S. WEINGER
Deputy Commissioner
Enforcement Division

4

DESIST AND REFRAIN ORDER (FIN CODE § 23050) AND ORDER VOIDING TRANSACTIONS
AND TO DISGORGE ALL CHARGES AND FEES (FIN CODE §23060)

64

**STATE OF CALIFORNIA
BUSINESS, TRANSPORTATION AND HOUSING AGENCY
DEPARTMENT OF CORPORATIONS**

TO:   East Side Lenders, LLC
       Michael Luxenberg, Manager
       299 S. Main Street, Suite 1300   and   314 N. Riverside Drive
       Salt Lake City, UT  84111             Espanola, NM 87532

       East Side Lenders
       2207 Concord Pike #505       and   2711 Centerville Road
       Wilmington, DE 19803              Wilmington, DE 19808

       Eastside Lenders
       9218 Metcalf Ave. #112
       Overland Park, KS 66210

### DESIST AND REFRAIN ORDER

(For violations of California Financial Code sections 23005, 23035, 23036 and 23037)

1.  The California Corporations Commissioner ("Commissioner") finds that East Side Lenders, LLC, which also does business as East Side Lenders and Eastside Lenders (hereinafter "East Side Lenders ") uses the following addresses and telephone numbers:

299 S. Main Street, Suite 1300, Salt Lake City, Utah 84111

314 N. Riverside Drive, Espanola, New Mexico 87532

2207 Concord Pike #505, Wilmington, Delaware 19803

2711 Centerville Road, Wilmington, Delaware 19808

9218 Metcalf Ave. #112, Overland Park, Kansas 66210

www.eastsidelenders.com

(866) 569-6636 and (800) 689-5603

2.  The Commissioner of the Department of Corporations ("Department") is responsible for enforcing the California Deferred Deposit Transaction Law ("CDDTL") in California Financial Code sections 23000 *et seq.*  The Commissioner has not issued a license to East Side Lenders to engage in the business of deferred deposit transactions and East Side Lenders is not exempt from the licensing requirement of the CDDTL.

State of California – Department of Corporations

DESIST AND REFRAIN ORDER

State of California – Department of Corporations

3.   Since at least 2005, East Side Lenders has engaged in the business of deferred deposit transactions by offering, originating and making deferred deposit transactions as described below.

4.   A deferred deposit transaction is a written transaction whereby one person gives funds to another person upon receipt of a personal check and it is agreed that the personal check shall not be deposited until a later date.  These loans are sometimes referred to as "payday advances" or "payday loans."

5.   East Side Lenders solicited California consumers offering them "instant approval" of "loans easy to renew" and "money in your account in 24 hours" and toll free support.  East Side Lenders used toll free number (866) 569-6636 and, at times, (800) 689-5603 for "collections" calls.

6.   East Side Lenders would then arrange for an electronic deposit into the consumer's bank account of the funds between $400 and $500 for each payday loan, amounts in violation of California Financial Code section 23035.  East Side Lenders required consumers to give them access to withdraw funds from the consumer's bank account.  However, East Side Lenders would repeatedly withdraw funds from the consumer's bank account by Automated Clearing House (ACH) debits every two weeks, in amounts that exceed the statutory limits found in California Financial Code section 23036.  In some cases East Side Lenders would take as much in fees as the amount of the loan.

7.   East Side Lenders continued to withdraw funds from the consumer's bank account in excess of the agreed upon amount for repayment of the payday loan.  When consumers objected to East Side Lenders' successive withdrawals of funds from their bank account, East Side Lenders failed to respond to them.  Despite the complaint from consumers, East Side Lenders continued to overcharge them.  Consumers found it necessary to close their respective bank account to prevent further unauthorized withdrawals by East Side Lenders.  After East Side Lenders discovered they could no longer continue to withdraw funds from a consumer's closed bank account, East Side Lender would send collection letters from its "Collection Department" or threaten consumers with legal action.  East Side Lenders' operations are in violation of California Financial Code section 23037.

EXHIBIT 6:  CEASE AND DESIST ORDERS Page 30 of 55

State of California – Department of Corporations

8.  East Side Lenders engaged in deferred deposit business without a license from the Commissioner and engaged in deferred deposit transactions that violated various statutory provisions of the CDDTL including charging excessive fees in violation of California Financial Code sections 23036 and 23037.

By reason of the foregoing, East Side Lenders, LLC, East Side Lenders and Eastside Lenders have engaged in the business of deferred deposit transactions without having first obtained a license from the Commissioner and have engaged in deferred deposit transactions in violation of California Financial Code sections 23005, 23035, 23036 and 23037.

California Financial Code section 23050 states:

> Whenever, in the opinion of the commissioner, any person is engaged in the business of deferred deposit transactions, as defined in this division, without a license from the commissioner, or any licensee is violating any provision of this division, the commissioner may order that person or licensee to desist and to refrain from engaging in the business or further violating this division.  If within 30 days, after the order is served, a written request for a hearing is filed and no hearing is held within 30 days thereafter, the order is rescinded.

Pursuant to Financial Code section 23050, East Side Lenders, LLC, East Side Lenders and Eastside Lenders are hereby ordered to desist and refrain from engaging in the business of deferred deposit transactions in the State of California without licensure or exemption and from violations of California Financial Code sections 23035, 23036 and 23037.  This Order is necessary for the protection of consumers and consistent with the purposes, policies and provisions of the CDDTL. This Order shall remain in full force and effect until further order of the Commissioner.

Dated: October 22, 2009
        Los Angeles, California

PRESTON DuFAUCHARD
California Corporations Commissioner


By_____
     ALAN S.WEINGER
     Deputy Commissioner
     Enforcement Division

DESIST AND REFRAIN ORDER
-3-
EXHIBIT 6:  CEASE AND DESIST ORDERS Page 31 of 55

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

State of California - Department of Business Oversight

**STATE OF CALIFORNIA**
**BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY**
**DEPARTMENT OF BUSINESS OVERSIGHT**

TO:    123onlinecash.com
          325 E. Warm Springs Road, Suite 200
          Las Vegas, NV 89119

**DESIST AND REFRAIN ORDER**
**(For violations of section 23005 of the Financial Code)**

The Commissioner of Business Oversight ("Commissioner") finds that:

1.      123onlinecash.com is an entity of unknown form with a website at https://123onlinecash.com.  The website is operated by PWDH, LLC, which has a business address at 325 E. Warm Springs Road, Suite 200, Las Vegas, NV 89119.

2.      123onlinecash.com's website invites customers to fill out a form, after which the company "will submit the information you provide to a lender," according to the website.  The website further provides: "Once approved, your cash is usually deposited in your bank account that evening by a participating lender.  When due, your cash advance plus fees are automatically deducted from your bank account by the lender."

3.      123onlinecash.com is not licensed by the Commissioner to act as a deferred deposit originator, arrange a deferred deposit transaction for a deferred deposit originator, act as an agent for a deferred deposit originator, or assist a deferred deposit originator in the origination of a deferred deposit transaction.

4.      By acting as a lead generator for deferred deposit originators, 123onlinecash.com arranged a deferred deposit transaction, acted as an agent for a deferred deposit originator, and/or assisted a deferred deposit originator.

Pursuant to Financial Code section 23050, 123onlinecash.com is hereby ordered to desist and

refrain from violating Financial Code section 23005 by arranging a deferred deposit transaction for a deferred deposit originator, acting as an agent for a deferred deposit originator, and/or assisting a deferred deposit originator in the origination of a deferred deposit transaction without first obtaining a license from the Commissioner.  This Desist and Refrain Order is necessary for the protection of consumers and consistent with the purposes, policies and provisions of the California Deferred Deposit Transaction Law (Fin. Code § 23000 et seq.).

Dated: June 25, 2014
        Sacramento, California

                        JAN LYNN OWEN
                        Commissioner of Business Oversight


                    By_____
                        MARY ANN SMITH
                        Deputy Commissioner
                        Enforcement Division

State of California - Department of Business Oversight

1
2
3

**STATE OF CALIFORNIA**
**BUSINESS, TRANSPORTATION AND HOUSING AGENCY**
**DEPARTMENT OF CORPORATIONS**

4   TO:   Mypaydayanyday.com
5         P.O. Box 821650
          Vancouver, WA 98682
6
7         Mark McCormack
          Jared Heaton
8         357 South 670, Suite 170
          Lindon, Utah 84042
9

10               **DESIST AND REFRAIN ORDER**

11       (For violations of California Financial Code sections 23005, 23035, 23036 and 23037)

12   The California Corporations Commissioner ("Commissioner") finds that:

13       1.   Mypaydayanyday.com, its co-founders Mark McCormack and Jared Heaton and

14   their affiliates (hereinafter "payday lenders") advertised their payday loans to California

15   consumers via their website.

16       2.   The Commissioner of the Department of Corporations ("Department") is responsible

17   for enforcing the California Deferred Deposit Transaction Law ("CDDTL") found in California

18   Financial Code section 23000 *et seq*.  The Commissioner has not issued a license to the above-

19   described payday lenders to engage in the business of deferred deposit transactions pursuant to

20   California Financial Code section 23005 and they are not exempt from the licensing requirement

21   of the CDDTL.

22       3.   Since at least 2009, the foregoing payday lenders have engaged in the business of

23   deferred deposit transactions by offering, originating and making deferred deposit transactions as

24   described below.

25       4.   A deferred deposit transaction is a written transaction whereby one person gives funds

26   to another person upon receipt of a personal check and it is agreed that the personal check shall

27   not be deposited until a later date.  These loans are sometimes referred to as "payday advances"

28   or "payday loans."

---

DESIST AND REFRAIN ORDER

State of California – Department of Corporations

5.   The above payday lenders offer California consumers payday loans but fail to provide to California borrowers the disclosures and written documents required by California law.

6.   The payday lenders arrange for an electronic deposit of funds to the consumer's respective bank account and have access to a consumer's account to withdraw funds to repay the loan on the due date of the deferred deposit transaction.

7.   When the due date on the deferred deposit transaction arrives, these payday lenders electronically withdraw funds from the consumer's bank account.  If a consumer borrows $300 for 14 days he is required to pay a finance charge of $90.00.  The Annual Percentage Rates ("APR") for most loans are between 700 and 800%.   The above-described payday lenders automatically renew the loan every 14 days and the borrower accrues a new fee every time his or her loan is renewed, resulting in successive withdrawals of $90.00 every 14 days from a borrower's bank account, thereby withdrawing several times the amount of the original loan as "finance charges".  Since the finance charges and renewal charges are not applied to the principal amount on the loan, a borrower is not regarded as having repaid the principal despite the amount of funds repeatedly withdrawn.  As a consequence, some borrowers find it necessary to close his or her bank account to prevent repeated automatic withdrawals.  If a borrower objects to additional withdrawals or actually closes his or her bank account, these payday lenders demand further funds, charge a $25.00 fee for each item returned unpaid, threaten legal action and attempt to garnish wages.  These payday lenders when dealing with California borrowers violate numerous provisions of California law that require them to: (1) provide adequate and timely disclosures; (2) adhere to limits on the types and amounts of fees they charge; and, (3) refrain from statutory prohibited actions.

By reason of the foregoing, Mypaydayanyday.com, Mark McCormack, Jared Heaton and their affiliates have engaged in the business of deferred deposit transactions without having first obtained a license from the Commissioner and have engaged in deferred deposit transactions in violation of California Financial Code sections 23005, 23035, 23036 and 23037.

/ / /

/ / /

California Financial Code section 23050 states:

> Whenever, in the opinion of the commissioner, any person is engaged in the business of deferred deposit transactions, as defined in this division, without a license from the commissioner, or any licensee is violating any provision of this division, the commissioner may order that person or licensee to desist and to refrain from engaging in the business or further violating this division. If within 30 days, after the order is served, a written request for a hearing is filed and no hearing is held within 30 days thereafter, the order is rescinded.

Pursuant to Financial Code section 23050, Mypaydayanyday.com, Mark McCormack, Jared Heaton and their affiliates are hereby ordered to desist and refrain from engaging in the business of deferred deposit transactions in the State of California without licensure or exemption in violation of California Financial Code section 23005 and from violations of California Financial Code sections 23035, 23036 and 23037. This Order is necessary for the protection of consumers and consistent with the purposes, policies and provisions of the CDDTL.

This Order shall remain in full force and effect until further order of the Commissioner.

Dated: February 16, 2010
        Los Angeles, California

PRESTON DuFAUCHARD
California Corporations Commissioner


By_____
   ALAN S.WEINGER
   Deputy Commissioner
   Enforcement Division

State of California – Department of Corporations

**STATE OF CALIFORNIA**
**BUSINESS, TRANSPORTATION AND HOUSING AGENCY**
**DEPARTMENT OF CORPORATIONS**

TO:   PayDayMax.com
       Carey Vaughn Brown also known as Corey Vaughn Brown
       5962 Brainerd Road
       Chattanooga, TN 37421

**DESIST AND REFRAIN ORDER**

(For violations of California Financial Code sections 23005, 23035, 23036 and 23037)

The California Corporations Commissioner ("Commissioner") finds that:

1.   PayDayMax.com, its founder Carey Vaughn Brown also known as Corey Vaughn Brown ("Brown") and affiliates (hereinafter "payday lenders") advertised their payday loans to California consumers via their website.

2.   The Commissioner of the Department of Corporations ("Department") is responsible for enforcing the California Deferred Deposit Transaction Law ("CDDTL") set forth in California Financial Code section 23000 *et seq.* The Commissioner has not issued a license to the above-described payday lenders to engage in the business of deferred deposit transactions pursuant to California Financial Code section 23005. These payday lenders are not exempt from the licensing requirement of the CDDTL.

3.   Since at least 2009, the foregoing payday lenders have engaged in the business of deferred deposit transactions by offering, originating and making deferred deposit transactions as described below.

4.   A deferred deposit transaction is a written transaction whereby one person gives funds to another person upon receipt of a personal check and it is agreed that the personal check shall not be deposited until a later date. These loans are sometimes referred to as "payday advances" or "payday loans."

5.   The above payday lenders offered California consumers payday loans but failed to provide California borrowers the disclosures and written documents required by California law.

State of California – Department of Corporations

---

DESIST AND REFRAIN ORDER

6.   These payday lenders arranged for an electronic deposit of funds to the consumer's respective bank account and had access to a consumer's account to withdraw funds to repay the loan on the due date of the deferred deposit transaction.

7.   When the due dates on the deferred deposit transaction arrived, these payday lenders withdrew funds from consumers' respective bank account.  For example, if one borrows $300 for 14 days they are required to pay a finance charge of $90.00 at the Annual Percentage Rate ("APR") of 782.12%.  These payday lenders then continued to make successive withdrawals of $90.00 every 14 days from a borrower's bank account thereby withdrawing several times the amount of the original loan as a "finance charge."   The payday lenders automatically renew the loan every 14 days and the borrower accrues a new fee every time his or her loan is renewed.  None of the fees accrued go toward the principal amount owed.  Accordingly, a borrower is not regarded as having repaid the principal and all withdrawals from his or her bank account are characterized as finance or renewal charges.  As a result, a borrower finds it necessary to close his or her bank account to prevent repeated withdrawals.  If a borrower objects to additional withdrawals or closes his or her bank account, these payday lenders demand further funds, charge a $25.00 fee for each item returned unpaid, threaten a borrower with legal action or attempt to garnish his or her wages.

8.   These payday lenders violated numerous provisions of California law that require them to provide adequate and timely disclosures to California borrowers, to adhere to limits on the types and amounts of various fees that California borrowers can be charged and to refrain from actions prohibited by California law when lending to California residents.

9.   To date, the Department has no record of these payday lenders or anyone else ever filing on their behalf for a CDDTL license.

10.   These payday lenders have engaged in deferred deposit business without a license from the Commissioner and engaged in deferred deposit transactions that violated various statutory provisions of the CDDTL including lack of the requisite disclosures, charging excessive fees and extension of the loans in violation of California Financial Code sections 23035, 23036 and 23037.

/ / /

By reason of the foregoing, PayDayMax.com, Carey Vaughn Brown also known as Corey Vaughn Brown and their affiliates have engaged in the business of deferred deposit transactions without having first obtained a license from the Commissioner and have engaged in deferred deposit transactions in violation of California Financial Code sections 23005, 23035, 23036 and 23037.

California Financial Code section 23050 states:

> Whenever, in the opinion of the commissioner, any person is engaged in the business of deferred deposit transactions, as defined in this division, without a license from the commissioner, or any licensee is violating any provision of this division, the commissioner may order that person or licensee to desist and to refrain from engaging in the business or further violating this division.  If within 30 days, after the order is served, a written request for a hearing is filed and no hearing is held within 30 days thereafter, the order is rescinded.

Pursuant to Financial Code section 23050 PayDayMax.com, Carey Vaughn Brown also known as Corey Vaughn Brown and their affiliates are hereby ordered to desist and refrain from engaging in the business of deferred deposit transactions in the State of California without licensure or exemption in violation of California Financial Code section 23005 and from violations of California Financial Code sections 23035, 23036 and 23037.

This Order is necessary for the protection of consumers and consistent with the purposes, policies and provisions of the CDDTL.

This Order shall remain in full force and effect until further order of the Commissioner.

Dated: April 29, 2011
       Los Angeles, California

                    PRESTON DuFAUCHARD
                    California Corporations Commissioner


                    By_____
                       ALAN S.WEINGER
                       Deputy Commissioner
                       Enforcement Division

State of California – Department of Corporations

ALAN S. WEINGER
Deputy Commissioner
SOPHIA C. KIM (CA BAR NO. 265649)
Corporations Counsel
Department of Corporations
320 West 4th Street, Suite 750
Los Angeles, California 90013
Telephone: (213) 576-7594
Facsimile: (213) 576-7181


Attorneys for Complainant

BEFORE THE DEPARTMENT OF CORPORATIONS

OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of<br>THE CALIFORNIA CORPORATIONS<br>COMMISSIONER,<br><br>          Complainant,<br><br>       v.<br><br>Vandelier Group LLC<br><br>         Respondents.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   DESIST AND REFRAIN ORDER PURSUANT<br>TO CALIFORNIA FINANCIAL CODE<br>SECTION 23050; and<br><br>ORDER VOIDING TRANSACTIONS<br>PURSUANT TO CALIFORNIA FINANCIAL<br>CODE SECTION 23060 |

      Complainant, the Commissioner of the California Department of Corporations

("Commissioner" or "Department"), is informed and believes, and based on such information and

belief, finds as follows:

/ / /

/ / /

/ / /

State of California - Department of Corporations

1

DESIST AND REFRAIN ORDER PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23050; and
ORDER VOIDING TRANSACTIONS PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23060

I.

## FACTUAL BACKGROUND

1.      Vandelier Group LLC ("Vandelier") is, and was at all relevant times herein, an entity of unknown form.  Vandelier operates over the internet using the domain name cwbservices.net, including but not limited to the email address vandelierinfo@cwbservices.net, and maintains an address located at P.O. Box 411056, Kansas City, Missouri 64141.  Vandelier provides the telephone number (866) 564-6020 and fax number (888) 296-0313.

2.      The internet domain name cwbservices.net is used by multiple entities, including but not limited to Vandelier, Anasazi Group LLC, and St. Armands Services LLC a.k.a. St. Armands Group LLC ("St. Armands").  St. Armands is located at P.O. Box 411056, Kansas City, Missouri 64141, and 1010 Walnut Street, Kansas City, Missouri 64106.

3.      The Commissioner has jurisdiction over deferred deposit transactions as set forth in the California Deferred Deposit Transaction Law ("CDDTL") (California Financial Code section 23000 *et. seq.*).

4.      Deferred deposit transaction" means a transaction whereby a person defers depositing a customer's personal check until a specific date, pursuant to a written agreement for a fee or other charge.  "Personal check," which is referenced in California Financial Code section 23001, subdivision (a), includes the electronic equivalent of a personal check, such as an Automated Clearing House ("ACH") or debit card transaction.

5.      On January 30, 2012, the Commissioner, pursuant to California Financial Code section 23050, ordered St. Armands to desist and refrain from violating California Financial Code sections 23005 and 23036.  Pursuant to California Financial Code section 23060 any and all deferred deposit transactions contracted with California customers or in the State of California by St. Armands are void.

6.      On February 7, 2012, St. Armands was served the Desist and Refrain Order Pursuant to California Financial Code Section 23050 and Order Voiding Transactions and To Disgorge All Charges and Fees Pursuant to California Financial Code Section 23060 ("Commissioner's Order").  The Commissioner's Order issued to St. Armands remains in full force and effect.

DESIST AND REFRAIN ORDER PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23050; and
ORDER VOIDING TRANSACTIONS PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23060

EXHIBIT 6:  CEASE AND DESIST ORDERS Page 41 of 55

State of California - Department of Corporations

State of California - Department of Corporations

1    7.    Since at least September, 2011, Vandelier has engaged in the business of originating

2  or offering to originate deferred deposit transactions (commonly referred to as "payday loans" or

3  "payday advances") via email containing the domain name cwbservices.net to California residents as

4  described below.

5    8.    Prospective customers submit an online loan application that requires them to provide

6  personal and checking account information.  Vandelier then emails the customers from email

7  addresses containing the domain name cwbservices.net and offers payday loans that charge fees

8  beyond what the CDDTL allows.  For example, Vandelier emailed a payday loan agreement to at

9  least one California resident dictating the following terms: a $300 loan amount, 782.14% interest rate,

10  $90 refinance fee, and $30 return check fee.   When the due date on the deferred deposit transaction

11  arrived funds were withdrawn from the California resident's bank account.

12    9.    At least one California resident tried to make arrangements to pay off a loan and

13  received emailed instructions from kristenm@cwbservices.net to send money to "Vandelier, c/o

14  CWB Services LLC, P.O. Box 411056, Kansas City, Missouri 64141," or fax money orders to (888)

15  296-0313.

16    10.    Vandelier has not been issued a deferred deposit transaction originator license by the

17  Commissioner pursuant to the CDDTL.  As such, Vandelier is not authorized to engage in payday

18  lending, or to offer, originate, or make a deferred deposit transaction, arrange a deferred transaction

19  for a deferred deposit originator, act as an agent for a deferred deposit originator, or assist a deferred

20  deposit originator in the origination of a deferred deposit transaction in California or to California

21  residents.

22

23

24                                    II.

25                        **DESIST AND REFRAIN ORDER**

26    The Department is responsible for enforcing provisions of the CDDTL found in California

27  Financial Code commencing at section 23000.  The Commissioner is authorized to pursue

28  administrative actions and remedies against persons who engage in violations of the CDDTL.

---

3

DESIST AND REFRAIN ORDER PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23050; and
ORDER VOIDING TRANSACTIONS PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23060

EXHIBIT 6:  CEASE AND DESIST ORDERS Page 42 of 55

State of California - Department of Corporations

1   California Financial Code section 23050 provides, in pertinent part:

> Whenever, in the opinion of the commissioner, any person is engaged in
> the business of deferred deposit transactions . . . without a license from the
> commissioner, or any licensee is violating any provision of this division,
> the commissioner may order that person or licensee to desist and to refrain
> from engaging in the business or further violating this division. If within
> 30 days, after the order is served, a written request for a hearing is filed
> and no hearing is held within 30 days thereafter, the order is rescinded.

Cal. Fin. Code § 23050 (2012).

California Financial Code section 23005 subdivision (a) prohibits any person from offering, originating, or making a deferred deposit transaction without first obtaining a license from the Commissioner, except as specified.  Section 23036 subdivision (a) limits fees to 15% of the face amount of the deferred deposit transaction.  Section 23036 subdivision (e) limits the exclusive fee charged for the return of a dishonored check to fifteen dollars ($15).

The foregoing facts establish violations of the CDDTL by Vandelier Group LLC including: 1) engaging in the business of originating or offering to originate deferred deposit transactions without having first obtained a license to do so from the Commissioner, in violation of section 23005(a); 2) charging excessive transaction fees in violation of section 23036(a); and 3) charging excessive returned check fees in violation of section 23036(e).

Pursuant to Financial Code section 23050 Vandelier Group LLC is hereby ordered to desist and refrain from violating Financial Code sections 23005 and 23036.  This Order is necessary for the protection of consumers and consistent with the purposes, policies, and provisions of the CDDTL. This Order shall remain in full force and effect until further order of the Commissioner.

**III.**

**ORDER VOIDING CALIFORNIA DEFERRED DEPOSIT TRANSACTIONS**

California Financial Code section 23060 provides:

> (a) If any amount other than, or in excess of, the charges or fees permitted by
> this division is willfully charged, contracted for, or received, a deferred deposit
> transaction contract shall be void, and no person shall have any right to collect
> or receive the principal amount provided in the deferred deposit transaction, any
> charges, or fees in connection with the transaction.

4

DESIST AND REFRAIN ORDER PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23050; and
ORDER VOIDING TRANSACTIONS PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23060

EXHIBIT 6:  CEASE AND DESIST ORDERS Page 43 of 55

State of California - Department of Corporations

1

(b) If any provision of this division is willfully violated in the making or collection of a deferred deposit transaction, the deferred deposit transaction contract shall be void, and no person shall have any right to collect or receive any amount provided in the deferred deposit transaction, any charges, or fees in connection with the transaction.

Cal. Fin. Code § 23060 (2012).

Pursuant to California Financial Code section 23060 subdivisions (a) and (b), any and all deferred deposit transactions contracted with California customers or in the State of California by Vandelier Group LLC are therefore void.  Vandelier Group LLC is hereby ordered to immediately cease collecting all principal amounts, and return all principal amounts, provided in any and all deferred deposit transactions contracted with California customers or in the State of California, and to disgorge any and all charges or fees received in conjunction with those deferred deposit transactions.

Dated: July 30, 2012
        Los Angeles, California

                              JAN LYNN OWEN
                              California Corporations Commissioner


                              By: _____
                                  ALAN S. WEINGER
                                  Deputy Commissioner

5

State of California - Department of Business Oversight

1

2  MARY ANN SMITH
   Deputy Commissioner
3  DOUGLAS M. GOODING
   Assistant Chief Counsel
4  JOANNE ROSS (CA BAR NO. 202338)
   Senior Corporations Counsel
5  Department of Business Oversight
   1515 K Street, Ste. 200
6  Sacramento, California 95814
   Telephone: (916) 324-9687
7  Facsimile: (916) 445-6985
8
9  Attorneys for Complainant

10

11            BEFORE THE DEPARTMENT OF BUSINESS OVERSIGHT

12                    OF THE STATE OF CALIFORNIA

13  In the Matter of                    )
                                        )
14  THE COMMISSIONER OF BUSINESS        )   DESIST AND REFRAIN ORDER PURSUANT
    OVERSIGHT,                          )   TO CALIFORNIA FINANCIAL CODE
15                                      )   SECTION 23050; and
                                        )
16           Complainant,               )   ORDER VOIDING TRANSACTIONS AND
         v.                             )   TO DISGORGE ALL CHARGES AND FEES
17                                      )   PURSUANT TO CALIFORNIA FINANCIAL
                                        )   CODE SECTION 23060
18  Cash Cure, LLC                      )
                                        )
19                                      )
                                        )
20           Respondent                 )
                                        )
21                                      )
                                        )
22  _____)

23

24        Complainant, the Commissioner of the Department of Business Oversight ("Commissioner"

25  or "Department"), is informed and believes, and based on such information and belief, finds as

26  follows:

27                                    I.

28                         **FACTUAL BACKGROUND**

---

1

DESIST AND REFRAIN ORDER PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23050; and ORDER
VOIDING TRANSACTIONS AND TO DISGORGE ALL CHARGES AND FEES PURSUANT TO CALIFORNIA
FINANCIAL CODE SECTION 23060

EXHIBIT 6:  CEASE AND DESIST ORDERS Page 45 of 55

State of California - Department of Business Oversight

1    Cash Cure, LLC, also known as cashcure.com, ("Cash Cure"), is located at 405 North King

2    Street, Suite 505, Wilmington, Delaware 19801. Cash Cure is a Delaware limited liability company,

3    and is licensed by the State of Delaware Office of the State Bank Commissioner. Michael Beattie is

4    the listed contact person for Cash Cure. Cash Cure transacts business in California by way of the

5    internet.

6    Since at least May 2012, Cash Cure has offered deferred deposit transactions or "payday

7    loans" to California residents by way of telephone number (877) 591-5175, Facsimile number 1-877-

8    591-5176, email address CS@CashCure.com, and by way of internet website address

9    www.cashcure.com.

10    A deferred deposit transaction is a written transaction whereby one person gives funds to

11    another person upon receipt of a personal check, and it is agreed that the personal check will not be

12    deposited until a later date. "Personal check", as referenced in California Financial Code section

13    23001, includes "the electronic equivalent of a personal check," such as an Automated Clearing

14    House ("ACH") or debit card transaction.

15    Since at least May 2012, Cash Cure has engaged in the business of offering, originating, or

16    making deferred deposit transactions in California, as defined by the California Deferred Deposit

17    Transaction Law ("CDDTL"), as set forth in California Financial Code sections 23000 *et seq.*,

18    whereby Cash Cure either defers depositing the customer's personal check or defers making an

19    agreed upon ACH deduction until a specific date pursuant to a written agreement for a fee or other

20    charge.

21    Cash Cure customers submit an online loan application through their website,

22    www.cashcure.com. Customers are required to provide their checking account information from

23    which Cash Cure eventually automatically debits payments, fees, and interest from the borrowers.

24    Cash Cure has not been issued a deferred deposit transaction originator license by the

25    Commissioner pursuant to the CDDTL.  As such, Cash Cure is not authorized to engage in payday

26    lending, or to offer, originate, or make a deferred deposit transaction, arrange a deferred deposit

27    transaction for a deferred deposit originator, act as an agent for a deferred deposit originator, or assist

28    a deferred deposit originator in the origination of a deferred deposit transaction in California or to

DESIST AND REFRAIN ORDER PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23050; and ORDER
VOIDING TRANSACTIONS AND TO DISGORGE ALL CHARGES AND FEES PURSUANT TO CALIFORNIA
FINANCIAL CODE SECTION 23060

California residents.

## II.

### CDDTL VIOLATIONS AND ORDERS

The Department is responsible for enforcing all provisions of the CDDTL, including the regulation of deferred deposit transactions.

**A.    Desist and Refrain Order**

The Commissioner is statutorily authorized to order any person to desist and refrain from engaging in violations of the CDDTL.  California Financial Code section 23050 provides, in pertinent part:

> Whenever, in the opinion of the commissioner, any person is engaged in the business of deferred deposit transactions, as defined in this division, without a license from the commissioner,…the commissioner may order that person…to desist and to refrain from engaging in the business or further violating this division.  If within 30 days, after the order is served, a written request for a hearing is filed and no hearing is held within 30 days thereafter, the order is rescinded.

The foregoing facts establish violations of the CDDTL by Cash Cure, including engaging in the business of originating or offering to originate deferred deposit transactions without having first obtained a license to do so from the Commissioner in violation of section 23005(a). The issuance of a Desist and Refrain Order, therefore, is necessary for the protection of consumers and is consistent with the purposes, policies, and provisions of the CDDTL.

Pursuant to California Financial Code section 23050, Cash Cure, LLC is hereby ordered to desist and refrain from violating California Financial Code section 23005(a).  This Order shall remain in full force and effect until further order of the Commissioner.

**B.    Order Voiding California Deferred Deposit Transactions**

California Financial Code section 23060, subdivision (b), states:

> If any provision of this division is willfully violated in the making or collection of a deferred deposit transaction, the deferred deposit transaction contract shall be void, and no person shall have any right to collect or receive any amount provided in the deferred deposit transaction, any charges, or fees in connection with the transaction.

*State of California - Department of Business Oversight*

---

3

DESIST AND REFRAIN ORDER PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23050; and ORDER VOIDING TRANSACTIONS AND TO DISGORGE ALL CHARGES AND FEES PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23060

State of California - Department of Business Oversight

1

2      Cash Cure willfully violated provisions of the CDDTL, by making and collecting upon

3   deferred deposit transactions with California customers without a license, in violation of section

4   23005.  Consequently, Cash Cure is not entitled to collect or receive the principal amounts provided

5   in those deferred deposit transactions, nor is it entitled to any of the charges or fees associated with

6   the transactions.

7      Pursuant to California Financial Code section 23060(b), any and all deferred deposit

8   transactions contracted with California customers or in the State of California by Cash Cure, LLC

9   are therefore void.  Cash Cure, LLC is hereby ordered to immediately cease collecting all

10  principal amounts, and return all principal amounts, provided in any and all deferred deposit

11  transactions contracted with California customers or in the State of California, and to disgorge

12  any and all charges or fees received in conjunction with those deferred deposit transactions.

13  Dated: August 19, 2013
    Sacramento, California

14

15                          JAN LYNN OWEN
                            Commissioner of Business Oversight

16

17

18                      By: _____

19                          MARY ANN SMITH
                            Deputy Commissioner
20                          Enforcement Division

21

22

23

24

25

26

27

28

---

4

DESIST AND REFRAIN ORDER PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23050; and ORDER
VOIDING TRANSACTIONS AND TO DISGORGE ALL CHARGES AND FEES PURSUANT TO CALIFORNIA
FINANCIAL CODE SECTION 23060

State of California - Department of Business Oversight

1  MARY ANN SMITH
   Deputy Commissioner
2  SEAN M. ROONEY
   Assistant Chief Counsel
3  SOPHIA C. KIM (CA BAR NO. 265649)
   Corporations Counsel
4  DEPARTMENT OF BUSINESS OVERSIGHT
   320 West 4th Street, Suite 750
5  Los Angeles, California 90013
   Telephone: (213) 576-7594
6  Facsimile: (213) 576-7181

7  Attorneys for Complainant

8

9            BEFORE THE DEPARTMENT OF BUSINESS OVERSIGHT

10                    OF THE STATE OF CALIFORNIA

11

12  In the Matter of THE COMMISSIONER OF      )  DESIST AND REFRAIN ORDER PURSUANT
    BUSINESS OVERSIGHT OF THE STATE OF )  TO CALIFORNIA FINANCIAL CODE
13  CALIFORNIA,                               )  SECTION 23050
                                             )
14              Complainant,                  )
                                             )
15                                            )
          vs.                                 )
16                                            )
                                             )
17  Brighton FNL LLC,                         )
                                             )
18              Respondent.                   )
                                             )
19  _____ )

20

21

22

23          The Commissioner of Business Oversight of the State of California ("Commissioner") is

24  informed and believes, and based on such information and belief, finds as follows:

25                                    I.

26                        FACTUAL BACKGROUND

27          1.      Brighton FNL LLC ("Brighton Fnl") is at all relevant times herein, an entity of

28  unknown form.  Brighton Fnl operates a website located at www.brightonfnl.com, uses the email

                                          1

State of California - Department of Business Oversight

1  address, help@brightonfnl.com, and lists its physical address as 4001 South 700 East, 5th Floor, Salt

2  Lake City, Utah 84107, with telephone number (800) 738 – 0995, and fax number (800) 862 – 8820.

3      2.    Brighton Fnl has engaged in the business of originating or offering to originate

4  deferred deposit transactions (commonly referred to as "payday loans" or "payday advances") over

5  the internet to the general public, including California residents.

6      3.    "Deferred deposit transaction" means a transaction whereby a person defers depositing

7  a customer's personal check until a specific date, pursuant to a written agreement for a fee or other

8  charge.  "Personal check," which is referenced in California Financial Code section 23001,

9  subdivision (a),[1] includes the electronic equivalent of a personal check, such as an Automated

10  Clearing House ("ACH") or debit card transaction.

11      4.    In or around December, 2013, Brighton Fnl contacted at least one California resident

12  who had submitted a payday loan application on the internet.  The email was sent from

13  help@brightonfnl.com and enclosed an attached document entitled, "Loan Note and Disclosure"

14  stating an amount financed of $200, annual percentage rate of 2320.36%, and a finance charge of

15  $89, for a total amount of $289 due eleven days from the date of the document.  The document was

16  pre-filled with the California resident's personal and bank account information and disclosed the

17  following contact information for "the Lender:" Brighton FNL LLC, Woodlands, 4001 South 700

18  Salt Lake City, UT 84107.  On the next day, Brighton Fnl deposited $200 into the California

19  resident's bank account.

20      5.    The Commissioner has not issued a deferred deposit transaction originator license to

21  Brighton Fnl pursuant to the California Deferred Deposit Transaction Law ("CDDTL").  Brighton

22  Fnl is not exempt from the licensing requirements of Financial Code section 23005.

23  / / /

24  / / /

25  / / /

26  / / /

27  _____

28  [1] All further statutory references are to the California Financial Code unless otherwise indicated.

2

DESIST AND REFRAIN ORDER PURSUANT TO CALIFORNIA FINANCIAL CODE SECTION 23050

## II.

## DESIST AND REFRAIN ORDER

The California Department of Business Oversight ("Department") is responsible for enforcing provisions of the CDDTL found in California Financial Code commencing at section 23000. The Commissioner is authorized to pursue administrative actions and remedies against persons who engage in violations of the CDDTL.

Financial Code section 23050 provides, in pertinent part:

> Whenever, in the opinion of the commissioner, any person is engaged in the business of deferred deposit transactions . . . without a license from the commissioner, or any licensee is violating any provision of this division, the commissioner may order that person or licensee to desist and to refrain from engaging in the business or further violating this division. If within 30 days, after the order is served, a written request for a hearing is filed and no hearing is held within 30 days thereafter, the order is rescinded.

Financial Code section 23005, subdivision (a) provides, in pertinent part:

> (a) No person shall offer, originate, or make a deferred deposit transaction, arrange a deferred deposit transaction for a deferred deposit originator, act as an agent for a deferred deposit originator, or assist a deferred deposit originator in the origination of a deferred deposit transaction without first obtaining a license from the commissioner and complying with the provisions of this division.

Financial Code section 23036, subdivision (a) limits fees to 15% of the face amount of the check in a deferred deposit transaction.

The foregoing facts establish violations of the CDDTL by Brighton FNL LLC, including: 1) engaging in the business of originating or offering to originate deferred deposit transactions without having first obtained a license to do so from the Commissioner, in violation of Financial Code section 23005, subdivision (a); and 2) charging excessive transaction fees, in violation of Financial Code section 23036, subdivision (a).

Pursuant to Financial Code section 23050 Brighton FNL LLC is hereby ordered to desist and refrain from violating Financial Code sections 23005 and 23036. This Order is necessary for the

3

protection of consumers and consistent with the purposes, policies, and provisions of the CDDTL.

This Order shall remain in full force and effect until further order of the Commissioner.


Dated: May 6, 2014
      Los Angeles, California

                      JAN LYNN OWEN
                      Commissioner of Business Oversight


                      By: _____
                            MARY ANN SMITH
                            Deputy Commissioner

State of California - Department of Business Oversight

4

State of California - Department of Corporations

**STATE OF CALIFORNIA**

**BUSINESS, TRANSPORTATION AND HOUSING AGENCY**

**DEPARTMENT OF CORPORATIONS**

TO:   **Global Payday Loan, LLC, doing business as Payday Loan Yes**

42 Reads Way                                         4001 S. 700 E. # 500 PMB
New Castle, DE 19720                            Salt Lake City, UT 84107

www.payday-loan-yes.com                    www.e-payday-loan.com

**DESIST AND REFRAIN ORDER**

(For violations of California Financial Code sections 23005 and 23036)

The California Corporations Commissioner ("Commissioner") finds that:

1.      Global Payday Loan, LLC, doing business as Payday Loan Yes ("GLOBAL"), was a Utah limited liability company with last known addresses at 4001 S. 700 E. # 500 PMB, Salt Lake City, UT 84107 and 42 Reads Way, New Castle, DE 19720.

2.      At all relevant times herein, GLOBAL has been operating websites on the internet at www.payday-loan-yes.com and www.e-payday-loan.com.

3.      Commencing on exact dates unknown to the Commissioner, but as early as 2007 and continuing through to the present, GLOBAL has engaged in the business of deferred deposit transactions by offering, originating, or making deferred deposit transactions, or "payday loans".

4.      The Commissioner has jurisdiction over deferred deposit transactions as set forth in the California Deferred Deposit Transaction Law ("CDDTL") (California Financial Code section 23000 *et. seq.*).  GLOBAL has not been issued a license by the Commissioner authorizing GLOBAL to offer, originate, or make deferred deposit transactions under the California Financial Code section 23005.  GLOBAL is not exempt from the licensing requirements of the CDDTL.

5.      A deferred deposit transaction is a transaction whereby a person defers depositing a customer's personal check until a specific date, pursuant to a written agreement for a fee or other

-1-
DESIST AND REFRAIN ORDER

State of California - Department of Corporations

1  charge, as provided in California Financial Code section 23035.  These transactions or loans are

2  sometimes referred to as "payday advances" or "payday loans."

3  6.       GLOBAL has been offering and originating deferred deposit transactions over the internet at

4  www.payday-loan-yes.com and www.e-payday-loan.com to the general public, including California

5  residents.

6  7.       GLOBAL has been offering and originating deferred deposit transactions charging fees of $30

7  per every $100 borrowed, plus an additional annual percentage rate ("APR") ranging between 353.23

8  percent and 2737.50 percent in violation of California Financial Code section 23036(a).

9  8.       GLOBAL has been charging a "service fee" in the amount of $175.00 in violation of

10  California Financial Code section 23036(f).

11       Based upon the foregoing findings, the California Corporations Commissioner is of the

12  opinion that Global Payday Loan, LLC, doing business as Payday Loan Yes has engaged in the

13  business of deferred deposit transactions without having first obtained a license from the

14  Commissioner, in violation of California Financial Code section 23005.

15       The California Corporations Commissioner is further of the opinion that Global Payday Loan,

16  LLC, doing business as Payday Loan Yes has engaged in the business of deferred deposit

17  transactions in violation of California Financial Code section 23036.

18       California Financial Code section 23050 states:

19           Whenever, in the opinion of the commissioner, any person is engaged in
20           the business of deferred deposit transactions, as defined in this division,
             without a license from the commissioner, or any licensee is violating any
21           provisions of the division, the commissioner may order that person or
             licensee to desist and refrain from engaging in the business or further
22           violating this division. If within 30 days, after the order is served, a written
             request for a hearing is filed and no hearing is held within 30 days
23           thereafter, the order is rescinded.

24

25       Pursuant to California Financial Code section 23050, Global Payday Loan, LLC, doing

26  business as Payday Loan Yes is hereby ordered to desist and refrain from engaging in the business of

27  deferred deposit transactions, including, but not limited to originating, or offering to originate,

28  deferred deposit transactions in the State of California without first obtaining a license from the

1  Commissioner, or otherwise being exempt, and desist and refrain from engaging in the business of

2  deferred deposit transactions in the State of California in violation of California Financial Code

3  section 23036.

4        This Order is necessary, in the public interest, for the protection of consumers and is

5  consistent with the purposes, policies, and provisions of the California Deferred Deposit Transaction

6  Law.  This Order shall remain in full force and effect until further order of the Commissioner.

7

8  Dated: November 16, 2010                    PRESTON DuFAUCHARD
   Los Angeles, California                      California Corporations Commissioner
9

10

11                                    By_____

12                                         ALAN S. WEINGER
                                          Deputy Commissioner

State of California - Department of Corporations

EXHIBIT 6:  CEASE AND DESIST ORDERS Page 55 of 55