**AKIN GUMP STRAUSS HAUER & FELD LLP**
REGINALD D. STEER (SBN 056324)
rsteer@akingump.com
ASHLEY B. VINSON (SBN 257246)
avinson@akingump.com
DANIELLE CROCKETT GINTY (SBN 261809)
dginty@akingump.com
ERIC G. RUEHE (SBN 284568)
eruehe@akingump.com
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone:     415-765-9500
Facsimile:     415-765-9501

Attorneys for Defendants
DAVID A. JOHNSON
KIRK CHEWNING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN L. GILBERT, *et al.*, | Case No. 13-cv-01171-JSW |
| Plaintiffs, | **STIPULATION AND [PROPOSED] ORDER FURTHER STAYING PLAINTIFF KEEYA MALONE'S CLAIMS** |
| v. | |
| | |
| BANK OF AMERICA, N.A., *et al.*, | Date Action Filed:     October 16, 2013 |
| Defendants. | |

Plaintiff Keeya Malone, Defendant David Johnson, Defendant Kirk Chewning, and Defendant Vector Capital IV, LP ("Vector"), by and through their respective counsel of record, hereby stipulate as follows:

On March 3, 2015, Plaintiffs Sean Gilbert, Kimberly Bilbrew, and Keeya Malone (collectively, "Plaintiffs") filed a Second Amended Complaint adding, in relevant part, claims against Defendants Kirk Chewning and Vector. Docket No. 176. Plaintiffs allege that Mr. Chewning, Vector, and Mr. Johnson jointly owned and controlled Cash Yes. *Id.* ¶ 74. According to Plaintiffs, as a result of their ownership and control over Cash Yes, Mr. Chewning, Vector, and Mr. Johnson are liable to Plaintiffs under California's Deferred Deposit Transaction Law, California's Unfair Competition Law, and RICO for assisting unlicensed lenders in the origination of short-term loans. *Id.* ¶¶ 70-90, 129-147.

On March 13, 2015, Defendant David A. Johnson filed a motion to compel arbitration of Plaintiffs Sean Gilbert's and Kimberly Bilbrew's claims against him. Docket No. 178. Mr. Johnson did not move to compel arbitration of Ms. Malone's claims because her loan application was allegedly rejected by Cash Yes. On April 8, 2015, the Court ordered Mr. Gilbert's and Ms. Bilbrew's claims against Mr. Johnson to arbitration and stayed this proceeding against Mr. Johnson pending the outcome of the arbitration. Docket No. 186.

On April 9, 2015, Mr. Gilbert, Ms. Bilbrew, Mr. Johnson, Mr. Chewning and Vector stipulated that Mr. Gilbert's and Ms. Bilbrew's claims against Mr. Chewning and Vector would also be subject to the order compelling arbitration, and on April 10, 2015, the Court ordered the claims against Mr. Chewning and Vector to arbitration. Docket No. 188.

On April 8, 2015, the Court issued an Order to Show Cause requiring Ms. Malone to show why her claims against Mr. Johnson should not be dismissed. Docket No. 186. Thereafter, the Court requested submissions from both Ms. Malone and Mr. Johnson on the Order to Show Cause. Docket No. 194. After considering the briefs filed by Ms. Malone (Docket Nos. 193, 195, 197) and Mr. Johnson (Docket No. 196), the Court ruled that Ms. Malone's claims against Johnson would not be dismissed.

On June 4, 2015, Ms. Malone, Mr. Johnson, Mr. Chewning, and Vector stipulated and this Court ordered that Ms. Malone's claims be stayed for ninety (90) days pending the outcome of the

arbitrations of Mr. Gilbert's and Ms. Bilbrew's claims.  The requested stay was intended to allow the parties to avoid the burden of additional motion practice and an additional arbitration proceeding.

On September 4, 2015, because Mr. Gilbert and Ms. Bilbrew's arbitrations were still pending, Ms. Malone, Mr. Johnson, Mr. Chewning, and Vector again stipulated and this Court ordered that Ms. Malone's claims be stayed for one-hundred and twenty (120) days

Currently, Ms. Gilbert and Ms. Bilbrew's arbitrations are still pending.  Accordingly, the parties request an extension of the stay of Ms. Malone's claims for an additional one-hundred and twenty (120) days.

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between Keeya Malone, David Johnson, Kirk Chewning, and Vector, through their respective counsel, that Ms. Malone's claims are further stayed for one-hundred and twenty (120) days.  Upon expiration of the one-hundred and twenty (120) day period, the parties may request the Court to extend the stay of Ms. Malone's claims, or Defendants may request an order compelling arbitration of Ms. Malone's claims.  Ms. Malone will not assert that this stay operates in any way to limit Defendants' right to request arbitration of Ms. Malone's claims.

Dated: January 5, 2016                **AKIN GUMP STRAUSS HAUER & FELD LLP**

By  /s/
Reginald D. Steer
Ashley B. Vinson
Danielle C. Ginty
Attorneys for Defendants David A. Johnson and
Kirk Chewning

Dated: January 5, 2016                **KIRKLAND & ELLIS LLP**

By  /s/
Mark McKane
Michael Esser
Attorneys for Vector Capital IV, LP

Dated: January 5, 2015                **LAKESHORE LAW CENTER**

By  /s/ Jeffrey Wilens
Jeffrey Wilens
Attorneys for Plaintiffs

2

STIPULATION AND [PROPOSED] ORDER                                        CASE NO. 13-CV-01171-JSW

1
2                                    [PROPOSED] ORDER
3          The Court, having considered the above stipulation between the parties, and good cause
4  appearing, hereby ORDERS that the stay of Keeya Malone's claims against David A. Johnson, Kirk
5  Chewning, and Vector Capital IV, LP is extended for one-hundred and twenty (120) days.
6
7  IT IS SO ORDERED.
8          Dated: January 6     , 2016
9
                                                   _____
10                                                 The Honorable Jeffrey S. White
                                                   United States District Judge
11
12
...
28