DONALD J. PUTTERMAN (BAR NO. 90822)
MICHELLE L. LANDRY (BAR NO. 190080)
PUTTERMAN LOGAN LLP
One Maritime Plaza
300 Clay Street, Suite 1925
San Francisco, CA 94111
Tel:     (415) 839-8779
Fax:     (415) 376-0956
E-mail:  dputterman@plglawyers.com
         mlandry@plglawyers.com

Attorneys for Defendants
MoneyMutual, LLC, SellingSource, LLC, PartnerWeekly, LLC,
Montel Brian Anthony Williams, Glenn McKay, John Hashman,
Brian Rauch, Samuel W. Humphreys, Douglas Tulley, and
Alton F. Irby III

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# (OAKLAND DIVISION)

| | |
|---|---|
| SEAN L. GILBERT, KEEYA MALONE, KIMBERLY BILBREW, CHARMAINE B. AQUINO, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>Defendants. | Case No. 4:13-cv-01171-JSW<br><br>**THE MONEYMUTUAL DEFENDANTS' AND MONTEL WILLIAMS' SUPPLEMENTAL BRIEF IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Judge:   The Hon. Jeffrey S. White<br><br>Action Filed:   February 11, 2013<br>Trial Date:     Not Set |

Pursuant to the Court's Order dated January 13, 2016 (Doc.# 247), Defendants MoneyMutual, LLC, Selling Source, LLC, PartnerWeekly, LLC, Montel Brian Anthony Williams, Glenn McKay, John Hashman, Brian Rauch, Samuel W. Humphreys, Douglas Tulley, and Alton F. Irby III ("Defendants") hereby submit the following supplemental brief as to the proper standard of review to be applied to resolving Defendants' Motion to Seal (Doc.# 245).

In *Center for Auto Safety v. Chrysler Group,* No. 15-55084, Slip. Op. at 11-12, 17-18 (9th Cir. Jan. 11, 2016), the court made clear that public access to filed motions and their attachments does not depend on whether the motion is technically "dispositive" or "nondispositive," but rather public access turns on whether a motion is more than tangentially related to the merits of the case. Where a motion is more than "tangentially related to the merits of the case," only "compelling reasons" can justify keeping filed documents from the public's view. Where the motion is only "tangentially related to the merits of the case," the good cause standard is applied.

In *Center for Auto Safety v. Chrysler Group*, Chrysler sought to seal documents produced pursuant to a protective order in discovery and filed in connection with a motion for preliminary injunction. Shortly before the district court denied plaintiffs' motion for preliminary injunction, the Center for Auto Safety filed motions to intervene and unseal the "confidential" documents filed in connection with the motion and argued that only "compelling reasons" could justify keeping these documents under seal, while Chrysler contended that it need only show "good cause" to keep them from the public's view. The district court applied the "good cause" standard concluding the motion was "nondispositive".

The court reversed and remanded with directions that the district court should consider the documents under the "compelling reasons" standard. In so doing, the court held that that plaintiffs' motion for preliminary injunction "is more than tangentially related to the merits" because plaintiffs were seeking, in addition to damages, injunctive relief including an order that would require Chrysler to notify its customers that there was a part in their vehicle which could require replacement and be dangerous if it failed. As Chrysler argued "once notice is given, 'it alters the status quo and cannot be undone.'" *Id*. at 19. If plaintiffs had succeeded in their motion for preliminary injunction they would

have won a portion of the relief they had requested in their underlying complaint and that portion of their claims would have been resolved. *Id*. The court noted that motions for preliminary injunction "frequently require[] the court to address the merits of a case, which often includes the presentation of substantial evidence" and that it may even "determine the outcome of a case." *Id*. at 12-13.

In the instant case, unlike *Center for Auto Safety v. Chrysler Group*, the underlying Motion for Class Certification is only tangentially related to the merits of the case. Importantly, a motion for class certification does not alter the status quo, nor does it provide plaintiffs with any part of the relief requested by their complaint. On a class certification motion, the court is tasked with determining a largely procedural question, to wit, whether there are sufficiently numerous parties, common questions of law or fact, etc. to satisfy Rule 23. Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 10-C, citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011). A preliminary inquiry into the merits *may* be necessary where issues going to the merits overlap with the Rule 23 inquiry. *Id*. at 2552 ("The necessity of touching aspects of the merits in order to resolve preliminary matters, e.g., jurisdiction and venue, is a familiar feature of litigation." (Citations omitted).

Courts have made clear that "the office of a Rule 23(b)(3) certification ruling is not to adjudicate the case; rather, it is to select the 'metho[d]' best suited to adjudication of the controversy 'fairly and efficiently.'" *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1191, 185 L. Ed. 2d 308 (2013). Indeed, as noted by *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*:

> Rule 23(b)(3) requires a showing that questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class. Because materiality is judged according to an objective standard, the materiality of Amgen's alleged misrepresentations and omissions is a question common to all members of the class Connecticut Retirement would represent. The alleged misrepresentations and omissions, whether material or immaterial, would be so equally for all investors composing the class. As vital, the plaintiff class's inability to prove materiality would not result in individual questions predominating. Instead, a failure of proof on the issue of materiality would end the case, given that materiality is an essential element of the class members' securities-fraud claims. As to materiality, therefore, the class is entirely cohesive: It will prevail or fail in unison. In no event will the individual circumstances of particular class members bear on the inquiry.

*Id.* at. 1191.

Thus, while "some evaluation of the merits frequently 'cannot be helped' in evaluating commonality, [] that likelihood of overlap with the merits is 'no license to engage in free-ranging

1  merits inquiries at the certification stage.' [Citation]  Instead, as the Supreme Court clarified last year,
2  '[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to
3  determining whether the Rule 23 prerequisites for class certification are satisfied." [Citation]
4  "[W]hether class members could actually prevail on the merits of their claims" is not a proper inquiry
5  in determining the preliminary question 'whether common questions exist.'" *Stockwell v. City & Cty.*
6  *of San Francisco*, 749 F.3d 1107, 1111-12 (9th Cir. 2014), citing cases.[1]

7  Unlike *Center for Auto Safety v. Chrysler Group*, which involved a preliminary injunction
8  requiring the court to determine "probable success on the merits" or "fair chance of success on the
9  merits (*Johnson v. California State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995)), and
10 where plaintiffs were seeking an order that would "alter[] the status quo" and effectively award
11 plaintiffs a portion of the relief they requested in their underlying complaint, class certification here
12 has no such effect.  The court's consideration of the merits, if at all, is only tangential as it related only
13 to whether Rule 23 has been satisfied such that a class action is superior to other methods available for
14 adjudicating the controversy. [Fed.R.Civ.Proc. 23(b)(3)]

15 In fact, "[b]ased on discovery or other developments, the party opposing the class may move to
16 decertify the class on the basis that the prerequisites and grounds for a certification do not exist (i.e.,
17 the opposing party may move for reconsideration of the earlier ruling certifying the class)."  Cal. Prac.
18 Guide Fed. Civ. Pro. Before Trial Ch. 10-C, citing *Lamphere v. Brown University* (1st Cir. 1977) 553
19 F.2d 714, 720; *Owner-Operator Independent Drivers Ass'n, Inc. v. Landstar System, Inc*. (11th Cir.

---

[1] While decided using the dispositive/non-dispositive inquiry, "[u]nless the denial of a motion for class certification was the "death knell" of the case, the vast majority of [] courts within this circuit" have used the "good cause" standard for sealing motions in connection with class certification motions. *Algarin v. Maybelline*, LLC, No. 12CV3000 AJB DHB, 2014 WL 690410, at *2 (S.D. Cal. Feb. 21, 2014).  Here, there is no question that denial of class certification does not end the case as plaintiffs have alleged more than de minimis injury.  Even so, given that Defendants have shown disclosure would cause competitive injury by release of proprietary business information, even the "compelling reasons" standard has been satisfied.  "Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened."  *Id.* at *3 ("Public disclosure of L'Oréal's confidential business material, marketing strategies, product development plans could result in improper use by business competitors seeking to replicate L'Oréal's business practices and circumvent the time and resources necessary in developing their own practices and strategies. Moreover, the Court finds that the Parties only seek to seal a limited amount of information.").

2010) 622 F.3d 1307, 1326 (decertification proper where it is ultimately determined that damages cannot easily be calculated for all class members) *see Pierce v. County of Orange* 526 F.3d 1190, 1200 (9th Cir. 2008). Thus, the court's ruling on the underlying motion can be "undone" unlike the preliminary injunction in *Center for Auto Safety v. Chrysler Group*. This is so regardless of the actual merits of the case.

Moreover, class certification does not "alter the status quo" relative to the merits, and no part of the affirmative relief requested by the complaint is granted to plaintiffs.

Given that the underlying class certification motion here is only tangentially related to the merits of the case, the correct standard of review to be applied to Defendants' Motion to Seal continues to be the "good cause" standard from Rule 26(c)(1).

Dated: January 21, 2016                           PUTTERMAN LOGAN LLP

                                                  By:  /s/ Michelle L. Landry
                                                  Michelle L. Landry, Esq.
                                                  Attorneys for Defendants
                                                  MoneyMutual, LLC, SellingSource, LLC,
                                                  PartnerWeekly, LLC, Montel Brian Anthony
                                                  Williams, Glenn McKay, John Hashman, Brian
                                                  Rauch, Samuel W. Humphreys, Douglas Tulley,
                                                  and Alton F. Irby III