**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**903 Calle Amanecer, Suite 220**
**San Clemente, CA 92673**
**949-240-8595**
**949-240-8515 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT,

## NORTHERN DISTRICT OF CALIFORNIA,

## OAKLAND DIVISION

| | |
|---|---|
| SEAN L. GILBERT, et. al. | ) Case No. CV-13-01171-JSW |
| | ) Complaint filed February 11, 2013 |
| | ) Trial Date: |
| | ) Pre-Trial Date: |
| Plaintiffs, | ) Discovery Cut-Off: |
| | ) |
| v. | ) **Class Action** |
| | ) **PLAINTIFFS' SUPPLEMENTAL** |
| BANK OF AMERICA, N.A., | ) **OPPOSITION TO DEFENDANTS'** |
| et. al., | ) **ADMINISTRATIVE MOTION** |
| | ) **TO SEAL DOCUMENTS** |
| | ) Hearing Date: |
| | ) Department 5 |
| Defendants. | ) Hon. Jeffrey S. White, District Judge |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

Pursuant to Court Order (Doc. 247), Plaintiffs Sean L. Gilbert, Keeya Malone,

1

Kimberly Bilbrew and Charmaine B. Aquino respectfully submits these supplemental points and authorities and argument in opposition to Defendants' administrative motion to seal certain documents.  (Doc. 245.)

The Court asked the Parties to brief the question:  what is the proper standard to use in determining whether the documents should be sealed in light of the recent decision <u>Center</u> for <u>Auto</u> <u>Safety</u> v. <u>Chrysler</u> <u>Group,</u> <u>LLC</u> (9th Cir. Oct. 20, 2015, No. 15-55084) 2016 U.S. App. LEXIS 374?

In <u>Center</u>, <u>supra</u>, the Ninth Circuit rejected the rule that was typically followed in the Northern District that looked to whether the documents in question were being presented with a "dispositive" motion or a "non-dispositive" motion. (<u>Id</u>. at pp. *11-12.) Instead, the Court announced a new rule:

> Consistent with our precedent, we make clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically "dispositive." Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case. While many technically nondispositive motions will fail this test, some will pass.   (<u>Id</u>. at p. *19.)

Where a motion is more than tangentially related to the merits of the case, public access to the documents should be granted (and the motion to seal denied) unless the Court finds "a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." (<u>Id</u>. at p. *8.)  Some examples of possible compelling reasons include where a court record might be used to promote public scandal, to circulates defamatory statements or where it contains business information that might harm a party's competitive standing.  (<u>Id</u>. at p. *9.)

The class certification motion is more than tangentially related to the merits of the case.   The merits of the class representative's claims are always relevant to class

2

certification because a class representative who has not suffered the violation in question cannot represent a class of victims.   Defendants have in fact raised merits issues throughout their Opposition.  (Doc. 233, p. 8:3-13; 10:6-11:2.)

Although Defendants' Supplemental Brief cites authority that most courts have applied the lower "good cause" standard with regard to sealing documents filed with a certification motion, that is because they did not follow the Ninth Circuit's new rule. Instead they relied on the fact a certification motion was not a dispositive motion.  (See Doc. 249, p. 4, n. 1.)

For the reasons stated in the initial Opposition, Defendants have not made a compelling showing that disclosure of the information will harm their competitive standing.   Defendants' Supplemental Brief states in conclusory fashion that public disclosure of the subject documents would cause competitive injury.  But the evidence presented to support this assertion is lacking the specificity and foundation required to meet the compelling need standard.

Defendants have not proven they continue to do business with the illegal lenders that are pertinent to this lawsuit (in fact it would be insane for them to being do so). Defendants have not shown how pricing information from 2009-2013 has any bearing on its current pricing strategy, especially since public records (previously filed complaints in this case) already state the pricing range for leads.

In summary, the documents do not contain confidential or sensitive information in light of these facts:  some of the information is already in the public record, some of the information is comprised of names and business addresses for witnesses and participants, and some of the information is quite old and therefore stale.  Finally, there is no showing by Defendants that they are currently doing business with any of the illegal lenders so

there is no "on-going" business that would be undermined if the documents were not sealed.

Additionally, the Court requested Plaintiffs show cause why they should not be sanctioned in the amount of $250 for not following the proper procedures when a document has been designated as confidential.  Plaintiffs simply offer their apology and will pay the sanction in the manner to be specified by the Court.

DATED: January 21, 2016

Respectfully submitted,

By       _/s/_Jeffrey Wilens_____

JEFFREY WILENS
Attorney for Plaintiffs

4