UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN L. GILBERT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MONEYMUTUAL, LLC, et al.,<br><br>Defendants. | Case No. 13-cv-01171-JSW<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL AND DISCHARGING ORDER TO SHOW CAUSE WITHOUT IMPOSING SANCTIONS**<br><br>Re: Docket No. 245 |

On January 8, 2016, Defendants filed an administrative motion to seal documents that Plaintiffs filed in connection with the pending motion for class certification. Plaintiffs have opposed that motion. The Court has considered the parties' supplemental briefing on the proper standard of review to be applied to resolve the motion. *See, e.g., Center for Auto Safety v. Chrysler Group*, No. 15-55084, Slip. Op. at 11-12, 17-18 (9th Cir. Jan. 11, 2016). The Court concludes it need not reach the issue of whether the motion for class certification qualifies as a "dispositive" motion, because even if it does not, Defendants have shown compelling reasons to file the documents at issue under seal. Accordingly, the Court GRANTS the administrative motion to seal, and Exhibits 2 and 5 to the Compendium of Evidence (Docket No. 228-2, 228-5) and Exhibit 1 to the Declaration of Jeffrey Wilens in Support of Reply (Docket No. 237-2) shall be maintained under seal pending further order of the Court.

When the Defendants moved to seal the documents, they also noted that the documents at issue had been designated as confidential pursuant to a protective order entered in a companion case pending in state court (the "*Pham* litigation"), and that the parties had agreed to apply the same provisions of confidentiality in this case. Although there is no protective order in this case, Plaintiffs have not refuted Defendants' assertion that there is an informal agreement in place to

1  abide by the provisions of the protective order in the *Pham* litigation.  Indeed, Plaintiffs previously
2  moved to seal documents produced in the state court case under seal.  (*See* Docket No. 80-6
3  (Declaration of Jeffrey Wilens, ¶ 3).)
4        Plaintiffs respond to the Order to Show Cause by offering their apology to the Court and
5  offer to pay the sanction.  The Court will discharge the Order to Show Cause without imposing
6  monetary sanctions in this instance.  Plaintiffs are admonished that they must comply with Local
7  Rule 79-5 going forward when they seek to file information designated confidential by another
8  party.  Plaintiffs are free to argue in any such motion that the materials are not, in fact, sealable.
9        **IT IS SO ORDERED.**
10  Dated: January 27, 2016

_____
JEFFREY S. WHITE
United States District Judge