UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN L. GILBERT, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MONEYMUTUAL, LLC, et al.,<br><br>    Defendants. | Case No. 13-cv-01171-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO FILE FIFTH AMENDED COMPLAINT**<br><br>Re: Docket No. 226 |

Now before the Court for consideration is the motion to file a fifth amended complaint filed by Plaintiffs, Sean L. Gilbert ("Gilbert"), Keeya Malone ("Malone"), Charmaine B. Aquino ("Aquino"), and Kimberly Bilbrew ("Bilbrew") (collectively "Plaintiffs"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b).) The Court VACATES the hearing on this motion, and it GRANTS, IN PART, AND DENIES, IN PART, the motion for leave to file a fifth amended complaint.[1]

**BACKGROUND**

The Court has set forth the facts underlying this litigation in several prior orders, and it shall repeat them here only as necessary to the analysis. In brief, Plaintiffs allege they applied for and obtained from entities, which they allege are not licensed to issue such loans in California ("Unlicensed Lenders"). (Fourth Amended Complaint ("4th AC"), ¶¶ 51-54; *see also* Proposed

---

[1] The motion for class certification remains on calendar on February 5, 2016, and if the Court finds that motion suitable for disposition without oral argument, it shall notify the parties in advance of the hearing date.

Fifth Amended Complaint ("Proposed 5th AC"), ¶¶ 52-55.)[2]  Plaintiffs have not sued the Unlicensed Lenders.  Instead, they allege that Defendants, MoneyMutual LLC ("MoneyMutual"), Selling Source, LLC ("Selling Source"), Glenn McKay, PartnerWeekly, LLC, John Hashman, Brian Rauch, Samuel W. Humphreys, Douglas Tulley, and Alton F. Irby III  (collectively, the "Money Mutual Defendants") and Montel Brian Anthony Williams ("Mr. Williams") unlawfully assisted the Unlicensed Lenders in the origination of the payday loans.

According to Plaintiffs, they each obtained a payday loan by using the MoneyMutual.com website or through an entity affiliated with Selling Source.  (4th AC ¶¶ 51-54; Proposed 5th AC ¶¶ 52-55.)  Plaintiffs allege, *inter alia*, that by assisting the Unlicensed Lenders, the MoneyMutual Defendants and Williams violated the California Deferred Deposit Transaction Law ("CDDTL Claim").

In their 4th AC, Plaintiffs assert claims on behalf of the following three classes:

> All California residents who received a "payday loan" from an UNLICENSED LENDER on or after February 11, 2009 by using any website affiliated with or in response to an email from Selling Source, LLC or one of its subsidiaries.  Any lender owned by an American Indian Tribe during the entire Class Period is excluded.

> All California residents who obtained a "payday loan" from an UNLICENSED LENDER on or after February 11, 2009 by using the MoneyMutual website.  Any lender owned by an American Indian Tribe during the entire Class Period is excluded.

(4th AC ¶¶ 23-24.)[3]  The Court shall refer to these classes as the "Selling Source Class" and the "MoneyMutual Class," respectively.

Plaintiffs now wish to amend the complaint to add a new "Main Class" as follows:

> All California residents **listed in a spreadsheet produced by Defendants that specifies the corresponding lead was "completed" and who applied for a payday loan** from an

---

[2]  The Proposed Fifth Amended Complaint is attached as Exhibit 1 to the declaration of Jeffrey Wilens in support of the motion for leave to amend.  (Docket No. 226-1.)

[3]  Plaintiffs also assert claims on behalf of the following class: "All California residents who obtained a 'payday loan' from Cash Yes or Cash Jar on or after February 11, 2009 through any means."  (4th AC ¶ 25; Proposed 5th AC ¶ 25.)  Only Gilbert and Bilbrew are members of that class, and the Court has ordered those claims to arbitration.  (*See* Docket No. 186.)

> UNLICENSED LENDER on or after February 11, 2009 by using any website affiliated with or in response to an email from Selling Source, LLC or one of its subsidiaries. Any lender owned by an American Indian Tribe during the entire Class Period is excluded.[4]

(Proposed 5th AC ¶ 23 and Reply at 1:21-25, 5:8-9 (emphasis added).)[5] Plaintiffs assert that the Main Class will seek relief only on the CDDTL Claim. In connection with that proposed amendment, Plaintiffs move to amend to include allegations that Gilbert applied for a loan using a Selling Source affiliate that was never funded and Malone applied for a loan through the MoneyMutual website that was never funded. (Proposed 5th AC ¶¶ 52, 54.)

The Plaintiffs also move to modify the definitions of the Selling Source Class and Money Mutual Class as follows:

> All California residents who **received** a "payday loan" from an UNLICENSED LENDER on or after February 11, 2009 by using any website affiliated with or in response to an email from Selling Source, LLC or one of its subsidiaries. Any lender owned by an American Indian Tribe during the entire Class Period is excluded.

> All California residents who **received** a "payday loan" from an UNLICENSED LENDER on or after February 11, 2009 by using the MoneyMutual website. Any lender owned by an American Indian Tribe during the entire Class Period is excluded.

(Proposed 5th AC, ¶¶ 23-24 (emphasis in original).)

The Court shall address additional facts, as necessary, in the analysis.

**A.     Applicable Legal Standards.**

Federal Rules of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right any time before a responsive pleading has been served. Once a responsive pleading has been served, however, the amendment requires written consent of the adverse party or leave of

---

[4] In brief, Plaintiffs move to include a new Main Class of persons: (1) who met a lender's requirements and, therefore, the lender purchased a "lead" from Selling Source or one of its subsidiaries; but (2) did not thereafter obtain a loan from that lender.

[5] This is not the class definition set forth in the Proposed 5th AC, the opening brief on the motion for class certification, or the opening brief on the motion for leave to amend. Rather, Plaintiffs included the proposed amendment in their reply briefs in support of each motion. The Court considers the proposed class definition, as reflected in this Order and as clarified in the reply briefs, in order to resolve the motion.

3

the court, and leave "shall be freely given when justice requires." Fed. R. Civ. P. 15(a). Rule 15(a) provides that leave to amend "shall be freely given." *See* Fed. R. Civ. Proc. 15(a). "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citation omitted).

In contrast, under Rule 16, a plaintiff must demonstrate good cause to amend a pleading and this standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Under either standard, the Court still considers four factors to determine whether a motion for leave to file an amended complaint should be granted: bad faith; undue delay; prejudice to the opposing party; and futility of amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, each factor is not given equal weight. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.*

**B.     The Court Grant, in Part, and Denies, In Part, the Motion for Leave to Amend.**

The MoneyMutual Defendants and Williams do not oppose the request to amend the Selling Source Class and the MoneyMutual Class. Under either the good cause standard of Rule 16, or the more liberal requirements of Rule 15, and based on the lack of opposition, the Court GRANTS, IN PART, Plaintiffs motion for leave to file the Proposed 5th AC. Plaintiffs may make the proposed amendments to paragraphs 23 and 24.

The MoneyMutual Defendants and Williams do oppose the request to amend to include the new Main Class, because it includes putative class members who did not receive payday loans. According to the MoneyMutual Defendants and Williams, it would be futile to allow this amendment, because those individuals could not show they were injured.

The CDDTL provides that, in certain circumstances, deferred deposit transactions that violate provisions of the statute will be deemed void and no person can collect or receive principal or any fees in connection with the transaction. Cal. Fin. Code §§ 23060(a)-(b). It also provides that "[a] person shall not offer, originate, or make a deferred deposit transaction, arrange a deferred deposit transaction for a deferred deposit originator, act as an agent for a deferred deposit originator, or assist a deferred deposit originator in the origination of a deferred deposit transaction

4

1  without first obtaining a license from the commissioner and complying with the provisions of this
2  division." *Id.* § 23005.   Finally, the CCDTL provides that "[a]ny person who is *injured by any*
3  *violation* of this division may bring an action for the recovery of damages, an equity proceeding to
4  restrain and enjoin those violations or both." Cal. Fin. Code § 23064 (emphasis added).

5        Although there is a dearth of authority on the proper interpretation of the CDDTL, the
6  language "injured by a violation," implies that there must be a causal connection between the
7  alleged violation and a plaintiff's injury. *Cf., Miller v. Hearst Communications,* No. CV-12-733-
8  GHK (PLAx), 2012 WL 3205241, at * 5-6 (C.D. Cal. Aug. 3, 2012) (finding that to show a
9  plaintiff was "injured by a violation" of California's "Shine the Light" law, plaintiff must show
10  injury was caused by the alleged violation), *aff'd* 554 Fed. App. 657 (9th Cir. 2014); *Boorstein v.
11  Men's Journal, LLC*, No. CV-12-771 DSF (eX), 2012 WL 2152815, at *2-3 (C.D. Cal. June 14,
12  2012) (same); *Boorstein v. CBS Interactive, Inc.*, 222 Cal. App. 4th 456, 466-468 (2013) (plaintiff
13  must allege statutory injury to state claim under Shine the Light Law).

14        Plaintiffs allege the MoneyMutual Defendants and Williams violated the CDDTL, because
15  they allegedly offered or assisted in the origination of payday loans *without a license.*  Plaintiffs'
16  allegations that the loans they received were void are causally connected to that alleged violation.
17  Similarly, to the extent Plaintiffs allege that they were charged fees in excess of those allowed by
18  law, which cannot be collected because the loans are void, those allegations also are causally
19  connected to the allegations that the MoneyMutual Defendants and Williams were not licensed.
20  (*See, e.g.,* 4th AC ¶¶ 43, 57-58, 73 125, 129; Proposed 5th AC ¶¶ 44, 58-59, 126, 130.)  Moreover,
21  each of those theories of liabilities is premised upon the fact that a named Plaintiff or an absent
22  class member actually obtained a loan.

23        Plaintiffs also include allegations that they, and absent class members, submitted personal
24  information to the MoneyMutual.com website or a Selling Source affiliate, which was then
25  disseminated to alleged criminals or was used to harass borrowers.  Plaintiffs argue that these
26  allegations are sufficient to show injury and rely, in part, on *Krottner v. Starbucks Corp.*, 628 F.3d
27  1139, 1142 (9th Cir. 2010).  However, none of the Plaintiffs actually allege that *their* personal
28  information was misused.  Nor do they allege facts similar to the facts in *Krottner* that would

show there is a credible threat that their personal information would be misused. Finally, they do not allege facts that establish a causal connection between any possible injury based on the dissemination of personal information and the allegations that the MoneyMutual Defendants and Williams were unlicensed. (4th AC ¶ 103; Proposed 5th AC ¶ 104.)

For each of these reasons, the Court concludes that Plaintiffs have not alleged any facts that a person who merely applied for, but did not receive, a loan was injured by the alleged violation of the CDDTL. Based on the existing record, the Court concludes it would be futile to grant Plaintiffs leave to amend to allege a claim on behalf of the "Main Class." Moreover, given the length of time this litigation has been pending, and the theories of injury alleged, the Court also concludes it would prejudice the Defendants to permit such an amendment.

Accordingly, the Court DENIES, IN PART, the motion for leave to file a Fifth Amended Complaint on this basis.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART the motion for leave to file a Fifth Amended Complaint. Plaintiffs shall file the Fifth Amended Complaint as permitted by this Order by no later than February 3, 2016, and the MoneyMutual Defendants and Williams shall file an answer within the time permitted under the Federal Rules. The Court shall resolve the motion for class certification based on the Selling Source Class and MoneyMutual Class, as defined the proposed Fifth Amended Complaint.

**IT IS SO ORDERED.**

Dated: January 27, 2016

_____
JEFFREY S. WHITE
United States District Judge