**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**903 Calle Amanecer, Suite 220**
**San Clemente, CA 92673**
**949-240-8595**
**949-240-8515 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT,

## NORTHERN DISTRICT OF CALIFORNIA,

## OAKLAND DIVISION

| | |
|---|---|
| SEAN L. GILBERT, et. al. | ) Case No. CV-13-01171-JSW |
| | ) Complaint filed February 11, 2013 |
| | ) Trial Date: |
| | ) Pre-Trial Date: |
| Plaintiffs, | ) Discovery Cut-Off: |
| | ) |
| v. | ) **Class Action** |
| | ) **SUPPLEMENTAL** |
| MONEYMUTUAL, LLC et. al., | ) **JOINT CASE MANAGEMENT** |
| | ) **STATEMENT PER RULE 16-9** |
| | ) |
| | ) Hearing Date: March 4, 2016, 11:00am |
| | ) Department 5 |
| Defendants. | ) Hon. Jeffrey S. White, District Judge |

Plaintiffs Sean L. Gilbert, Keeya Malone, Kimberly Bilbrew and Charmaine B. Aquino and Defendants MoneyMutual, LLC, Selling Source, LLC, Glenn McKay, PartnerWeekly, LLC, Brian Rauch, John Hashman, Samuel W. Humphreys, Douglas Tulley, and Alton F. Irby III (collectively MoneyMutual Defendants) and Montel Brian Anthony Williams, respectfully submit this Supplemental Joint Case Management Statement.

The last CMC was held on April 17, 2015.  In connection with that CMC, the Parties filed a Joint CMC Statement pursuant to Civil Local Rule 16-9, which contains all the information required by the Standing Order for All Judges, and the parties incorporate that statement herein by reference.  (Doc. 189)  No trial date or trial-related deadlines were set at that time.

Since the last CMC, the following Motions have been heard by the court:

On May 27, 2015, the court granted in part, and denied in part, the MoneyMutual Defendants' and Montel Williams' Motion to Dismiss Second Amended Complaint's Fourth Claim for Relief.  (Doc 199) The court found that Plaintiffs' allegations regarding the lenders' trustworthiness constituted 'non-actionable puffery'.  The court found that Plaintiffs allegations regarding specific representations in the Code of Lender Conduct contained facts that are sufficient to state a claim for relief under the fraudulent prong of the UCL.  Specifically, the requirement that "Lenders on the network are prohibited from using the borrower's personal information to market other products or services or give the information to third parties." (SAC ¶ 99.).  Plaintiffs allege that lenders routinely violated that provision by selling information to other entities.  The court granted the motion to dismiss the fourth claim of relief as against Mr. Williams.  The court denied the motion to dismiss the fourth claim of relief as against John Hashman

and Brian Rauch, but without prejudice as to Messrs. Hashman and Rauch challenging Plaintiffs' theory of vicarious liability on a motion for judgment on the pleadings or a motion for summary judgment.

On June 16, 2015, Plaintiffs filed the Third Amended Complaint. (Doc. 204)  The MoneyMutual Defendants moved to strike portions of the Third Amend Complaint. (Doc. 206) On August 24, 2015, the court granted, in part, and denied, in part, the motion to strike references to fictitious defendants; references to former defendants; allegations regarding lender trustworthiness; allegations of fraudulent behavior; and certain paragraphs of Plaintiffs' prayer for relief.  (Doc. 213) The court ordered that Plaintiffs file a Revised Third Amended Complaint by September 1 and a Fourth Amended Complaint by September 25.

On December 4, 2015, Plaintiffs filed Motion to Leave to File a Fifth Amended Complaint.  (Doc. 226) On January 27, 2016, the court granted, in part, and denied, in part, Plaintiffs' Motion.  (Doc. 254) The court granted, in part, Plaintiffs' request to amend the Selling Source and MoneyMutual Classes. The court denied Plaintiffs request to amend to create a new "Main Class".

On January 27, 2016, the court granted the MoneyMutual Defendants' Administrative Motion to Seal and Discharged Order to Show Cause without Imposing Sanctions.  (Doc. 253)

On February 8, 2016, the court granted in part, and denied in part, Plaintiffs' Motion for Class Certification, without prejudice to the MoneyMutual Defendants' filing a motion for decertification, if circumstances warrant such a motion. (Doc. 257).  The court found that Plaintiffs met their burden as to the Selling Source Class on all claims, and as to the MoneyMutual Class on the CDDTL Claim, the RICO Claim, and the UCL

Claim, based on the "unlawful" prong.  The court found that Plaintiffs did not meet their burden to show predominance on the MoneyMutual Class as to the UCL Fraud Claim, and therefore excluded that claim from class certification.

The Parties are currently negotiating regarding the method of providing class notice and the form of the class notice.  The Parties hope to submit a Class Notice plan by the date of this CMC.  Assuming the notice plan is approved by the Court, Plaintiffs should be able to provide notice to the class by the end of March 2016.

In addition, Plaintiffs are waiting for Cash Yes, owned by defendants David Johnson and others, to produce a list of California borrowers.  Finally, Plaintiffs will be taking the deposition of former defendant Rare Moon Media (which Plaintiffs contend owns several large lenders) on March 9, 2016 and has requested production of a list of California borrowers to be produced at that time or shortly thereafter.

This Court formerly ordered claims against David Johnson, Kirk Chewning and Vector Capital (Cash Yes defendants) to be arbitrated.  A motion to strike the arbitration agreement on the grounds of unconscionability has been fully briefed and is pending decision by the arbitrator.  Plaintiffs' position is that if the arbitrator grants that motion, the claims against Johnson and others would be returned to this court and a motion for class certification would be filed.  Given that, the Parties believe it makes sense to defer sending the class notice pertaining to the Money Mutual Defendants and Mr. Williams in order to avoid possibly having to send multiple notices.

This Court previously ordered Plaintiffs' claims against Rare Moon Media (and related former defendants to be arbitrated).  They were arbitrated and those cases were settled.  This Court subsequently entered a judgment of dismissal as to the named plaintiffs.  However, other putative class members filed arbitration claims against Rare

Moon Media as well.   Dozens of such arbitrations are currently pending before the American Arbitration Association.   Rare Moon has requested the AAA dismiss the arbitrations on the grounds the claimants must file their claims in small claims court.   It is anticipated an arbitrator will rule on that request in the next few months.   If those claimants are not able to arbitrate their claims because Rare Moon Media has waived its rights to compel arbitration, Plaintiffs' counsel intends to file a motion allowing those claimants not allowed to arbitrate their claims to intervene in this lawsuit and reinstate the class claims against Rare Moon Media and related defendants.

Because of the foregoing uncertainties, the Parties do not recommend the Court set a trial date at this time (and have estimated that a trial may take 20-25 days). Should the court desire to set a trial date, Defendants' lead counsel, Donald Putterman, is unavailable September 3-October 10.  The parties propose the Court set another CMC for a date in mid to late August or mid-July.   Provided that the Cash Yes and Rare Moon Defendants are not brought back into this case, the Parties expect discovery to be completed as follows:

| | |
|---|---|
| Non-Expert Discovery Cutoff: | August 31, 2016 |
| Designation of Experts: | One month later |
| Rebuttal Witness Disclosure: | One month after designation |
| Expert Discovery Cutoff: | TBD from trial |
| Hearing of Dispositive Motions: | TBD |

1    DATED: February 17, 2016

2                                   Respectfully submitted

3

4                                   By   _____

5                                        JEFFREY WILENS

6                                        Attorney for Plaintiff

7

8    Dated:  February 17, 2016

9

10                                  PUTTERMAN LOGAN LLP
                                    By
11
                                       _____
12                                     DONALD J. PUTTERMAN
13                                     Attorneys for Defendants
                                       MONEYMUTUAL, LLC, SELLINGSOURCE,
14                                     LLC, PARTNERWEEKLY, LLC,
                                       MONTEL BRIAN ANTHONY WILLIAMS,
15                                     GLENN MCKAY, JOHN HASHMAN, BRIAN
                                       RAUCH, SAMUEL W. HUMPHREYS,
16                                     DOUGLAS TULLEY, AND
                                       ALTON F. IRBY III
17

18

19

20

21

22

23

24

25

26

27

28

                                         6