UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SEAN L. GILBERT, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MONEYMUTUAL, LLC, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-01171-JSW  (LB)<br><br>**ORDER RE SEALING MOTION** |

　　The court denies the current motion to seal without prejudice and directs the parties to address the issues in this order within four business days, which is the ordinary time to address administrative matters under the civil local rules.

　　A party requesting that court documents be sealed must first establish that the documents are "sealable" — that is, the party must show "that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law[.]" N.D. Cal. Civ. L.R. 79-5(b), 79-5(d)(1)(A). "The request must be *narrowly tailored* to seek sealing only of sealable material" and must conform to the Local Rules' procedural requirements. *Id.* 79-5(b), 79-5(d) (emphasis added).

　　To show that documents are "sealable," the proponent must overcome the strong presumption of public access to court documents. *See Kamakana v. City and County of Honolulu*, 447 F.3d

ORDER (No.  13-cv-01171-JSW)

1172, 178-79 (9th Cir. 2006). In the context of dispositive motions, the proponent must show "compelling reasons." *Id.* Where, as here, the proponent seeks to seal a non-dispositive motion, the burden is satisfied by a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1179-80. "Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .")

Here, the MoneyMutual defendants fail to make a particularized showing of good cause to seal the motion to depose Mr. Wilens. They presumably argue that the allegations, if made public, will cause a certain degree of annoyance, embarrassment, or other discomfort. They cite two cases for the proposition that the motion should be sealed "until the court is able to adjudicate the underlying factual allegations contained" therein:[1] *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989); *United States v. Smith*, 776 F.2d 1104 (3d Cir. 1985). Although the allegations may conceivably cause embarrassment or other discomfort, this alone does not satisfy the MoneyMutual defendants' burden under the circumstances.

The problem is that the defendants fail to identify how the proposed redacted motion — which is *completely* redacted — is narrowly tailored to the "sealable" material contained in the document. This is particularly troublesome given that they publicly filed a Supplemental Memorandum of Points and Authorities that contains many of the same factual and legal allegations.[2] *See Kamakana*, 447 F.3d at 1184 (in the dispositive-motion context, the court emphasized that some of the information unsuccessfully sought to be kept under seal was "either already publicly available or [was] available in other documents being produced"). As currently proposed, then, and in light of the public Supplemental Memorandum, the MoneyMutual defendants "fail to demonstrate any specific prejudice or harm" that will result if their motion is denied. *Id.* at 1186. The court cannot tell what is now in the public record (*i.e.* in their Supplemental Memorandum) and what is still secret and potentially damaging. If the motion

---

[1] Administrative Motion to File Under Seal – ECF No. 262 at 2.
[2] Supplemental Memorandum of Points and Authorities – ECF No. 294.

ORDER (No.  13-cv-01171-JSW)                 2

contains distinct, potentially burdensome information that warrants sealing, the defendants must establish good cause to redact this information with greater particularity and tailoring. Or at least, address the tension between the documents filed completely under seal and those that are not.

The court therefore denies the MoneyMutual defendants' administrative motion to file under seal their motion to depose Mr. Wilens. They may renew their motion within four business days to redact more particularized information that is not already available on the public docket.

**IT IS SO ORDERED.**

Dated: April 29, 2016

_____
LAUREL BEELER
United States Magistrate Judge