1

2

3

4                            UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    SEAN L. GILBERT, et al.,                      Case No. 13-cv-01171-JSW

8              Plaintiffs,

9         v.                                       **ORDER RESOLVING
                                                   ADMINISTRATIVE MOTION FOR
10   MONEYMUTUAL, LLC, et al.,                     CLARIFICATION**

11             Defendants.                         Re: Dkt. No. 326

12

13        Now before the Court for consideration is the administrative motion for clarification of the

14   Court's standing order regarding motions for summary judgment or, in the alternative, for leave to

15   file more than one motion for summary judgment, filed by the MoneyMutual Defendants.

16   Pursuant to this Court's Standing Orders, "[a]bsent of a showing of good cause, the Court will

17   address only one motion for summary judgment per side."  (Civil Standing Orders ¶ 9.)  The

18   MoneyMutual Defendants ask for clarification of the term "side."  The term "side" as it is used in

19   the Court's standing order does not refer to each individual party.  Rather, it means all Plaintiffs

20   on one "side," and all Defendants on the other "side."  However, as the Standing Order indicates,

21   the Court will consider making an exception to its general rule on a showing of good cause.

22        The MoneyMutual Defendants also ask the Court to deviate from its general rule and to

23   permit them to file ten (10) motions for summary judgment and to file those motions on a serial

24   basis.  Plaintiffs oppose those requests and the alternative request to file four motions for summary

25   judgment, grouped by particular defendants.  The Court concludes that the MoneyMutual

26   Defendants have not shown good cause to file ten motions for summary judgment.  In addition,

27   the Court also finds that the MoneyMutual Defendants have not shown good cause, or that judicial

28   efficiency would be served by the filing of serial motions for summary judgment.

United States District Court
Northern District of California

1       Based on the current record, it also is not clear to the Court that the issues to be presented

2  differ so greatly that the MoneyMutual Defendants could not file a joint motion for summary

3  judgment, rather than four motions grouped by Defendants.  Plaintiffs have noted that they would

4  be willing to allow for an enlargement of this Court's normal page limitations, so long as they are

5  provided a similar enlargement for their opposition brief.

6       Therefore, the Court will require a joint motion for summary judgment from the

7  MoneyMutual Defendants, and it shall enlarge the page limitations from 25 to 40 pages.  Plaintiffs

8  may have 40 pages to oppose, and the MoneyMutual Defendants may have 25 pages to reply.  The

9  Court would be willing to consider grouped motions for summary judgment, if the MoneyMutual

10  Defendants can provide this Court with more detail about the differing nature of their arguments.

11  However, if the Court permits multiple motions for summary judgment, it would also consider

12  whether it should reduce the pages allowed per motion.

13       **IT IS SO ORDERED.**

14  Dated: June 20, 2016

15

16                    _____

                         JEFFREY S. WHITE

                         United States District Judge