**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**

**THE SPENCER LAW FIRM**
**Jeffrey P. Spencer, Esq. (State Bar No. 182440)**
**2 Venture, Suite 220**
**Irvine, CA 92618**
**949-240-8595**
**949-377-3272 (fax)**
**jps@spencerlaw.net**

**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA,

OAKLAND DIVISION

| | |
|---|---|
| SEAN L. GILBERT, et. al. | ) Case No. CV-13-01171-JSW |
| | ) Complaint filed February 11, 2013 |
| | ) Trial Date: |
| | ) Pre-Trial Date: |
| Plaintiffs, | ) Discovery Cut-Off: |
| | ) |
| v. | ) **Class Action** |
| | ) **FINAL PROPOSED** |
| MONEYMUTUAL, LLC, et. al., | ) **ORDER GRANTING FINAL** |
| | ) **APPROVAL OF CLASS** |
| | ) **SETTLEMENT, AWARD OF** |
| | ) **ATTORNEY'S FEES AND COSTS,** |
| | ) **AWARD OF INCENTIVE AWARD,** |
| | ) **ENTRY OF FINAL JUDGMENT** |
| | ) Hearing Date: June 19, 2020 9:00 am |
| | ) Department 5 |
| Defendants. | ) Hon. Jeffrey S. White, District Judge |

Before the Court are Plaintiffs Sean L. Gilbert, Keeya Malone, Kimberly Bilbrew and Charmaine B. Aquino's Rule 23 motions for final approval of class action settlement and motion for award of attorney's fees and costs and incentive awards. Having read the papers submitted in support of and any opposition to the motion, and good cause appearing therefor, IT IS HEREBY ORDERED that the motion for final approval is granted and JUDGMENT is entered as set forth below.

## **FINDINGS**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Agreement.

2. The Court entered an order (Doc. 257) on February 28, 2016 certifying the following class on all claims except for the UCL-Fraud claim: "All California residents who received a 'payday loan' from an UNLICENSED LENDER on or after February 11, 2009 by using any website affiliated with or in response to an email from MoneyMutual, LLC or Selling Source, LLC or one of its subsidiaries. Any lender owned by an American Indian Tribe during the entire Class Period is excluded."

3. Subsequently and pursuant to Court order, Plaintiffs provided class notice by email and Internet advertising to 562,202 class members. Requests for exclusion were made by two class members: Kalikhia Miller and Peter Castillo.

4. In the motion for preliminary approval, based on financial issues with Defendants' ability to pay any large judgment, the Court approved a modification in the class definition for the Settlement Class. The original approved class was divided into an Injunction Class and a Damages Subclass.

5. The Injunction Class is: "All California residents who received a 'payday loan' from the

one of the 109 UNLICENSED LENDERS on or after February 11, 2009 by using any website affiliated with or in response to an email from MoneyMutual, LLC or Selling Source, LLC or one of its subsidiaries." This is essentially the original certified class with the payday loan companies specifically identified and counted, and the tribal lenders are excluded from the list.

6. The Damages Subclass is: "All members of the Injunction Class who received a loan from and paid money to the CASH YES or RARE MOON Lenders. The only Cash Yes Lender is 'Cash Yes.' The Rare Moon Lenders are VIP PDL SERVICES, LLC aka VIP Loan Shop, SCS PROCESSING, LLC aka Everest Cash Advance, ACTION PDL SERVICES, LLC aka Action Payday, BD PDL SERVICES, LLC aka Bottom Dollar Payday aka BD PDL Services.com LLC, INTEGRITY PDL SERVICES, LLC aka Integrity Payday Loans aka IPL Today, Fast EFNDS, LLC aka Fast Efunds, and MB Marketing, LLC." This is a subclass of the larger class limited to those who are documented as actually paying money to payday loan companies. Information about actual payments was only available for the Cash Yes and Rare Moon Lenders because the information had to be subpoenaed from existing third parties and most of the lenders went out of business several years ago.

7. The Injunction Class is certified pursuant to Rule 23(b)(2). The Damages Class is certified pursuant to Rule 23(b)(3).

8. The Court now finds that that (a) the Settlement Classes are ascertainable and so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Classes; (c) the claims of Representatives Plaintiffs Sean L. Gilbert, Keeya Malone, Kimberly Bilbrew and Charmaine B. Aquino are typical of those of the Classes; (d) Representative

Plaintiffs Sean L. Gilbert, Keeya Malone, Kimberly Bilbrew and Charmaine B. Aquino and Representative Plaintiffs' Counsel Jeffrey Wilens and Jeffrey Spencer have fairly and adequately represented and protected the interests of the Settlement Classes; (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and (f) the common questions of law and fact predominate over any individual questions.

9. Jeffrey Wilens of the Lakeshore Law Center are Jeffrey Spencer of Spencer Law Firm are confirmed to be class counsel.

10. Sean L. Gilbert, Keeya Malone, Kimberly Bilbrew and Charmaine B. Aquino are confirmed to be class representatives on the Injunction Class and Damages Subclass.

**Notice to Class and Claims**

11. The Court previously approved the form of Settlement Notice and the proposed manner of its distribution to Settlement Class Members. (Doc. 483, ¶¶ 14-16). The Court reaffirms that approval.

12. Pursuant to Order of the Court, CPT Group was appointed to be Class Settlement Administrator. After removing duplicates from the class list, CPT determined there are 17,222 class members.

13. On March 20, 2020, CPT provided the required notices under the Class Action Fairness Act.

14. On March 20, 2020, CPT provided notice by mail to each of the subclass members. Only 192 notices were returned to the sender and some of those were subsequently remailed. Only seven notices were ultimately determined to be undeliverable.

15. Between March 24, 2020 and April 29, 2020, CPT provided notice by email three times to subclass members. The emailed notice was received by 65.9% of the subclass

members.

16. The Court finds the required notice to Class Members was provided and it was effective at informing subclass members of this settlement.

17. The deadline for objecting to the settlement or opting out was May 28, 2020. There was an adequate interval between notice and the deadline to permit subclass members to choose to object and to take the necessary actions to implement their decision.

18. No class members have objected to the settlement.

19. One person (the Law Firm of Buxbaum & Chakmak) attempted to submit an "opt-out" on behalf of a deceased class member (Brian J. Robbins). The Settlement Administrator has contacted the law firm to determine whether it has authority to act in this fashion and whether it intended to exclude the decedent from the settlement. It never responded. However, since no claim was submitted for Mr. Robbins by his Estate, it is reasonable to honor the request for exclusion made by a law firm on his behalf.

20. The Court further finds CPT established in timely fashion a Claims Website used to assist subclass Members in submitting claims and to host copies of relevant court documents, including the Settlement Agreement, Preliminary Approval Order, Long-Form Class Notice, a printable version of the Claim Form, and an electronic version of the Claim Form.

21. The deadline to submit a claim is August 26, 2020. As of June 19, 2020, 941 persons have submitted claims although 30 are deficient and the class member is being given the opportunity to correct the deficiency.

**Attorneys' Fees and Costs**

22. The Settlement provides for payment of up to $1,000,000 to Class Counsel as

attorney's fees and up to $200,000 in costs and expenses in the actions, subject to the Court's approval.

23. Class Counsel including paralegals have spent in excess of 3,534 hours working on this case and the related Pham action, a reasonable amount of time given the nature of the case and the claims at issue in the action. Class Counsel's normal hourly rates are $750 for Jeffrey Spencer and $750 for Jeffrey Wilens. These hourly rates are within the range of hourly fees reasonably and normally charged by attorneys in this area of comparable experience in cases of similar nature and complexity. The hourly rates charged for paralegals and associate attorneys were between $125 and $200, which rates are reasonable. Representative Plaintiff's Counsel also paid litigation costs and expenses in the amount of $160,822.

24. An award of $1,000,000 in attorneys' fees and $160,822 in costs and expenses is reasonable. This is only 42.4 % of their lodestar amounts (i.e., a negative multiplier). The reduction is entirely due to the financial circumstances pertaining to Defendants. Otherwise, Class Counsel would be entitled to payment of their full lodestar (or possibly more).

**Incentive Award**

25. The Settlement provides for a payments of incentive awards up to the following amounts: Class representatives in the Gilbert Action, Plaintiffs Sean L. Gilbert, Keeya Malone, Kimberly Bilbrew and Charmaine B. Aquino, in the amount of $10,000 each; Proposed class representatives in the Pham Action, Plaintiffs Dinah Pham, Paula Bernal, Mary F. Bailey, Irma R. Candaza, and Anna Rae Martinez, in the amount of $5,000 each.

26. The payment of an incentive award to a named plaintiffs and class representatives is

often a feature of class action settlements. It is intended to advance public policy by encouraging individuals to come forward and perform their civic duty in protecting the rights of the class and to compensate class representatives for their time, effort and inconvenience. The amount of the payment is reasonable in light of the risks, burdens and responsibilities undertaken by the named plaintiffs in the Gilbert and Pham actions. They spent substantial time assisting the prosecution of the case and incurred substantial risks. The payment of an incentive award in the amounts stated above does not unduly favor the representative plaintiffs or the Pham plaintiffs nor is the award paid at the expense of the Settlement Class.

27. The request incentive awards are reasonable and justified.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

28. For purposes of the Action, the Court has subject matter and personal jurisdiction over the Settling Parties, including all Settlement Class Members.

29. The Effective Date of the Settlement is one court day after the date of filing unless there has been a valid objection.

30. This Final Approval Order shall serve as a Judgment against Defendants MoneyMutual, LLC, SellingSource, LLC, Glenn McKay, PartnerWeekly, LLC, Brian Rauch, John Hashman, and Montel Brian Anthony Williams. In addition, the following defendants from the Pham action are contracting parties to the Settlement Agreement: London Bay Capital, LLC, TSS Acquisition Company, LLC, Samuel W. Humphreys, Douglas Tulley, and Alton F. Irby III.

31. Consistent with its prior order granting a motion for class certification and pursuant to Rule 23(b)(2), the Court certifies the Injunction Class, comprised of: "All California residents who received a 'payday loan' from the one of the 109 UNLICENSED

LENDERS on or after February 11, 2009 by using any website affiliated with or in response to an email from MoneyMutual, LLC or Selling Source, LLC or one of its subsidiaries."

32. Consistent with its prior order granting a motion for class certification and pursuant to Rule 23(b)(3),the Court certifies the Damages subclass, comprised of: "All members of the Injunction Class who received a loan from and paid money to the CASH YES or RARE MOON Lenders. The only Cash Yes Lender is 'Cash Yes.' The Rare Moon Lenders are VIP PDL SERVICES, LLC aka VIP Loan Shop, SCS PROCESSING, LLC aka Everest Cash Advance, ACTION PDL SERVICES, LLC aka Action Payday, BD PDL SERVICES, LLC aka Bottom Dollar Payday aka BD PDL Services.com LLC, INTEGRITY PDL SERVICES, LLC aka Integrity Payday Loans aka IPL Today, Fast EFNDS, LLC aka Fast Efunds, and MB Marketing, LLC."

33. Excluded from the Settlement Class is Brian J. Robbins.

34. The Court acknowledges that Defendants would not have entered into the Settlement without adequate assurance that it would not be precluded from trying to contest class certification of the settlement class in the event the Settlement is not consummated. Accordingly in the event that the approval of the Settlement is reversed on appeal or the Effective Date is not reached for any reason, Defendants shall not be estopped or otherwise precluded from moving to decertify the previously class or otherwise defend against the Action.

35. As of the Effective Date, Plaintiffs and each subclass member who has not opted out acknowledges full satisfaction of all Settled Claims (as defined below), and fully, finally and forever release, settle and discharge Defendants, their present and former parents, stockholders, investors, lenders (meaning those who made loans to

Defendants not the payday lenders who made loans to class members), subsidiaries, affiliates, predecessors, and successors and their present and former officers, directors, insurers, employees, agents, heirs, spouses, personal representatives, contractors, and attorneys (collectively, the "Released Persons") from all Settled Claims, known and unknown.

36. For purposes of this Judgment, "Settled Claims" means and includes any and all claims, demands, rights, liabilities and causes of action arising from or related to the facts alleged in the Gilbert or Pham Actions, including but not limited to any actual or alleged violation of the California Deferred Deposit Transaction Law, Racketeering Influenced and Corrupt Organization Act of 1970, California Unfair Competition Law.

37. "Settled Claims" includes no other claim related to the subclass member's receipt of a payday or installment loan including but not limited to claims for restitution or damages against a payday lender, debt purchaser or collection agency. However, with respect to Plaintiffs, "Settled Claims" include all claims, demands, rights, liabilities and causes of action that Plaintiffs could have asserted against Released Parties as of the date this Agreement is fully executed.

38. As of the Effective Date, Plaintiffs further waive and relinquish, to the fullest extent permitted by law and subject to the foregoing provisions, the benefits of California Civil Code § 1542 and all similar state or federal statutes or rules of law. California Civil Code § 1542 provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." The Parties understand and acknowledge that a risk exists that they incurred or suffered or may

9
FINAL JUDGMENT—13-CV-01171-JSW

incur of suffer loss or damages as a result of the matters, facts, events, occurrences, transactions, causes, and things referred to in this Agreement, which were unknown, unsuspected, or unanticipated at the times this Agreement was executed. The Parties each assume this risk, and agree that the foregoing release shall, in all respects, be effective and not subject to termination or rescission.

39. The Court awards attorney's fees to Class Counsel collectively in the amount of $1,000,000: $800,000 to Lakeshore Law Center and $200,000 to Spencer Law Firm. This amount shall be paid within 15 days of the Effective Date.

40. The Court awards costs and expenses to Class Counsel collectively in the amount of $160,822, comprised of costs award to Lakeshore Law Center in the amount of $159,046 and a costs award to the Spencer Law Firm in the amount of $1,776. These amounts shall be paid within 15 days of the Effective Date.

41. An incentive award of $10,000 is awarded to each of the Representative Plaintiffs in the Gilbert Action: Sean L. Gilbert, Keeya Malone, Kimberly Bilbrew and Charmaine B. Aquino. An incentive award of $5,000 is awarded to each of the proposed Representative Plaintiffs in the Pham Action: Dinah Pham, Paula Bernal, Mary F. Bailey, Irma R. Candaza, and Anna Rae Martinez.

42. The Settlement Administrator, CPT Group may reimburse itself actual expenses not to exceed $60,000 from the Settlement Fund.

43. Once the deadline to submit claims has passed, and any disputed claims are resolved, CPT is directed to commence distribution to subclass members who submitted valid claims within 30 days thereafter. The amount to be paid per valid claim will be $675,000 divided by number of valid claims. Currently, that would be approximately $717 per claim. No claimant shall be paid more than $1,000; however, based on the

number of claims as of this date, it is not a concern. Payments shall be rounded to whole cents and any residue left from rounding will be retained by the Settlement Administrator. These payments shall be deemed restitution of money they paid on their payday loan(s).

44. The payment shall be made by check mailed by the Settlement Administrator directly to the claimant at the address specified in the Subclass Mailing List, unless that information has been subsequently updated in which case the most recent information shall be used. Alternatively, claimants will be encouraged to provide banking information so they can be paid through the ACH system.

45. Each claimant's payment check shall be valid for 120 days from date of issuance and thereafter will become void. A Class Member may attempt to exchange a void check for a reissued one by contacting the Settlement Administrator up to 150 days from date of issuance.

46. If any settlement checks to claimants are returned to sender with a forwarding address, the Settlement Administrator shall remail the checks to the specified address.

47. If any settlement checks are returned to sender without a forwarding address, the Settlement Administrator shall use "skip-tracing" methods to develop a valid address and then will remail the compensation/refund check to that address.

48. If despite the foregoing efforts, some settlement checks are not cashed or deposited within nine months of issuance, the Settlement Administrator shall submit those funds to the State Controller's Office under law as unclaimed property.

49. Any appellate challenge, reversal or future court order regarding the application for attorneys' fees and costs by Representative Plaintiff and Class Counsel shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

50. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any disputes concerning that implementation; (b) hearing and determining applications for attorneys' fees and costs in the Action; and (c) all parties hereto solely for the purpose of construing, enforcing and administering the Settlement. The time to appeal from the Judgment in this matter shall commence upon its entry.

51. In the event that the Settlement does not become effective in accordance with the terms of the Settlement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection with this Judgment shall be null and void to the extent provided by and in accordance with the Settlement.

52. Neither the Stipulation nor the Settlement, including the agreement by Defendants to stipulate for settlement purposes only to a Settlement Class, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of the Defendants; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) shall provide a basis for estopping or otherwise preventing Defendants from opposing class certification in the Action or in any other case.

53. Notwithstanding the reservation of jurisdiction in Paragraph 50, this is a final and appealable judgment that ends the litigation of all claims alleged in this Action. The Clerk is directed to enter this Judgment forthwith.

DATED: _____

Hon. Jeffrey S. White
United States District Court